The PEOPLE of the State of
Colorado, Complainant,

v.

George H. WHITCOMB,
Attorney-Respondent.

No. 83SA358.

Supreme Court of Colorado,
En Banc.

Nov. 15, 1983.

George S. Meyer, Deputy Disciplinary
Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

ROVIRA, Justice.

In this disciplinary proceeding, the Grievance Committee and this Court have been called upon to review the unprofessional conduct of the respondent, George H. Whitcomb. As a result, we now order that the respondent be suspended for one year and one day.

The respondent was admitted to the bar in 1967, is registered as an attorney, and is subject to the jurisdiction of this Court and its Grievance Committee.

In February 1980, the respondent filed a civil action on behalf of his clients, Viroj Chongkoltanalob and Krissada Narumit, in the Denver District Court. The defendants were served and filed answers and counterclaims.

In February 1981, a Denver District Court judge ordered that the case be set for trial or it would be dismissed. The respondent then noticed the case for trial setting and filed a reply to defendants' counterclaims. Trial was set for August 17, 1981.

After trial to the court, the judge made oral findings and conclusions, and ordered judgment in favor of respondent's clients in the amount of $2,255.35 plus reasonable attorney's fees. The respondent was ordered to file an appropriate order within twenty days.

The respondent failed to comply with the court's order, and as of December 10, 1982, when the formal complaint was filed in this proceeding, judgment had not been properly entered.

The respondent's clients filed a request for investigation of respondent with the Grievance Committee in August 1982. Although the respondent was informed of the request, he refused to respond to the informal charges against him despite written and oral admonitions that he do so, and despite his continued assurances that he would respond.

A formal complaint before the Grievance Committee was filed against respondent in December 1982. Count I set out the facts relating to respondent's representation of his clients, his refusal to comply with the district court's order, and his failure to keep his clients informed of the status of their case and to provide them with court documents despite their requests for such information and documents. Count I alleged a violation of C.R.C.P. 241.6(1) and Disciplinary Rules 1–102(A)(5) and 6–101(A)(3). Count II alleged that respondent's conduct in failing to answer the in-

formal charges constituted a violation of C.R.C.P. 241.6(7).

The respondent was served with a copy of the formal complaint, but failed to file an Answer or otherwise respond. Subsequently, an Order of Default was entered. A hearing was then scheduled for April 12, 1983, and respondent was properly given notice.

The respondent failed to appear at the hearing in person or by counsel. Accordingly, the Hearing Board of the Grievance Committee reviewed the complaint and the report of investigative counsel, and made its findings of fact, conclusions of law, and recommendation.

The Hearing Board concluded that the undisputed facts establish a violation by respondent of C.R.C.P. 241.6(1) (violation of a provision of the Code of Professional Responsibility) and (7) (failure to respond to a request by the Grievance Committee); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); and DR 6–101(A)(3) (neglect of a legal matter).

The recommendation of the Hearing Board, concurred in by the Hearing Panel, was that the respondent be suspended for one year and one day, but that he be authorized to seek reinstatement at any time after this court's order as long as such application is made pursuant to C.R.C.P. 241.22(c).

The respondent did not file exceptions to the Findings, Conclusions and Recommendations. Accordingly, we conclude that the respondent has violated C.R.C.P. 241.6(1) and (7), DR 1–102(A)(5), and DR 6–101(A)(3).

The respondent is suspended from the practice of law for the period of one year and one day from the announcement of this opinion. He is authorized to seek reinstatement at any time, subject to the provisions of C.R.C.P. 241.22(c) and restitution to his clients of $2,255.35. Respondent is ordered to pay costs in the amount of $69.27 within thirty days to the Supreme Court Grievance Committee, 190 E. 9th Avenue, Suite 440, Denver, Colorado 80203.