The PEOPLE of the State of Colorado, Complainant,

v.

Susan Shumway HORN, Attorney-Respondent.

No. 87SA90.

Supreme Court of Colorado, En Banc.

July 13, 1987.

George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

QUINN, Chief Justice.

Susan Shumway Horn, you appear before this court to receive a public censure. A complaint was filed with the Grievance Committee charging you with two counts of misconduct. The first count was based on your issuance of two insufficient fund checks and the second count on your failure to respond to the grievance complaint. Since you failed to file an answer, a default was entered against you pursuant to C.R. C.P. 241.13(b). You were then notified of the final hearing regarding the imposition of discipline, but you also failed to appear for that hearing.

On October 7, 1986, a hearing board of the Grievance Committee found by clear and convincing evidence the following facts. You issued a check to Safeway Stores, Inc. on February 7, 1984, in the amount of $52.24, and you issued a check to Albertson's, Inc. on April 12, 1984, for $65.00. Both checks bore the title "Susan Shumway Horn, Attorney at Law," and upon twice being presented to the United Bank of Boulder were returned unpaid for insufficient funds.

An attorney was retained by Colorado Financial Service, Inc., to collect on the unpaid checks. This attorney wrote to you on June 1, 1984, but received no response. This attorney filed a lawsuit on behalf of Colorado Financial Service, Inc. in the Jefferson County Court to collect the money due and owing on the unpaid checks. You were served with a summons and complaint but failed to answer, and a default judgment was entered against you on September 17, 1984. The attorney wrote to you on September 20, 1984, informing you of the judgment, but again received no response. You also failed to respond to interrogatories served upon you after the judgment. The attorney for Colorado Financial Services, Inc., wrote to you on January 18, 1985, demanding payment of the judgment, but you disregarded that letter also. You listed the Jefferson County Court judgment in a chapter 13 repayment petition filed by you in the bankruptcy court. An automatic stay on the Jefferson County judgment was initially entered by the bankruptcy court, but this stay was lifted when your chapter 13 petition was dismissed. The hearing board also found that, despite having received proper notice of the grievance complaint and the hearing regarding the imposition of discipline, you failed to file an answer to the complaint and failed to appear for the disciplinary hearing.

The hearing board concluded that your conduct violated DR 1-102(A)(4) of the Code of Professional Responsibility, in that you engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. The board also concluded that your conduct violated C.R.C.P. 241.6(7), which provides that failure to respond to a request by the Grievance Committee without good cause shall constitute misconduct and shall be grounds for discipline.

The hearing board recommended that you receive a public censure. While the hearing board was of the opinion that your conduct in writing the two checks and in failing to answer the grievance complaint was not particularly grievous, it noted that there were other circumstances which, in conjunction with your misconduct, warranted a public censure. The board pointed out that you had received two prior letters of admonition, one in 1981 and another in 1985; that you were presently under suspension for failing to comply with the mandatory continuing legal education requirements of C.R.C.P. 260.2; and that your Grievance Committee file showed that in February 1985 you sent to the Supreme Court Grievance Committee a $50 insufficient fund check, which still remains unpaid, in payment of the costs against you in one of the prior disciplinary proceedings. In view of your past and present misconduct, the hearing board concluded that a public censure was the appropriate form of discipline to be imposed in this matter. A hearing panel of the Grievance Committee unanimously approved the report of the Hearing Panel.

We concur in the findings, conclusions, and recommendation of the Grievance Committee. Susan Shumway Horn, your misconduct in this manner, especially when viewed in light of the other factors in aggravation mentioned in the hearing board's report, justifies the imposition of a public censure, and we hereby publicly censure you for your misconduct. This public censure shall remain on file with this court and may be considered by the court in connection with any further violation of the Code of Professional Responsibility.

You are ordered to pay the costs of these proceedings in the amount of $310.80 within sixty days of this date by tendering that sum to the Supreme Court Grievance Committee, 600 Seventeenth Street, 510-S Dominion Plaza, Denver, Colorado, 80202.