The PEOPLE of the State of Colorado, Complainant,

v.

John A. LUSTIG, Attorney-Respondent.

No. 88SA78.

Supreme Court of Colorado, En Banc.

June 6, 1988.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Attorney–Respondent not appearing.

ERICKSON, Justice.

This is a disciplinary proceeding against respondent John A. Lustig. The disciplinary complaint was not answered by the respondent and the respondent failed to appear at the default hearing after he was notified of the time and place of the hearing. The hearing panel unanimously approved the findings of fact and recommendations of the hearing board. The hearing board recommended that respondent be suspended for one year and one day; that he be permitted to apply for reinstatement before the expiration of the one-year-and-one-day period if he complies with the requirements of C.R.C.P. 241.22(c); that he refund $637.50 to Clarence Olson, a former client, as a condition precedent to reinstatement; and that he be assessed the costs of the disciplinary proceedings. We approve the recommendation of the hearing panel, but deny the respondent the right to seek reinstatement before the expiration of one year and one day after this opinion is announced. *People v. Richards,* 748 P.2d 341 (Colo.1987). We also order as a condition precedent to filing a petition for reinstatement that the respondent pay $637.50 to Clarence Olson to reimburse Olson for the attorney's fees that he paid to complete the work which the respondent agreed to perform.

John A. Lustig, the respondent, was admitted to the bar of this court on October 2, 1973, and is subject to the jurisdiction of this court and its Grievance Committee. He was properly served with a citation and complaint, motion and order for default, and notice of default hearing, and was personally advised of the date of the default hearing by the secretary to the disciplinary prosecutor. When the respondent was told of the hearing scheduled for November 30, 1987, at 1:00 p.m., he told the secretary that he was leaving the state on November 24, 1987, but did not notify her of when he would return. He was asked to contact the disciplinary prosecutor, and advised that, if he wanted a continuance, he had to file appropriate pleadings with the Grievance Committee or with the presiding officer of the hearing board. The respondent replied that he would contact the disciplinary prosecutor, but he never did. Additional copies of the pleadings were also mailed to the respondent.

The hearing board concluded that service was proper pursuant to C.R.C.P. 241.25(b) and that the respondent had been properly served and given notice of the proceedings against him. An order of default was entered against the respondent on August 24, 1987. Accordingly, the matters alleged in the complaint are deemed admitted and the only issue before the board was the discipline which should be imposed based upon the allegations of misconduct in the complaint. *See People v. Richards,* 748 P.2d 341 (Colo.1987); *People v. Jacobson,* 747 P.2d 654 (Colo.1987).

The investigation report and the complaint establish that the respondent was hired by Clarence B. Olson, the complaining witness, through a Cheyenne, Wyoming attorney, to transfer mineral rights on property in Walden, Colorado, to Olson. The mineral rights were part of Olson's deceased wife's estate. In April, 1985, the complaining witness sent the respondent a check for $150 and a copy of the will and death certificate. The check was endorsed and cashed. In July 1985, the complaining witness met the respondent in Walden and in August provided an additional check for $76 for the filing fee. On September 3, 1985, the respondent filed the will, application for informal probate, and acceptance of appointment, but failed to have an order entered admitting the will to probate and failed to have Olson appointed as the personal representative of the estate.

The complaining witness, Olson, was unable to contact the respondent after the respondent abandoned his practice and left

Walden. When the respondent left Walden, he did not notify his clients and Olson was unable to locate him. Another lawyer was hired on April 17, 1987. The new lawyer had the will admitted to probate; had Olson appointed as personal representative of the estate; and caused the appropriate letters to issue.

As result of the respondent's acts, the complaining witness incurred additional attorney fees in the amount of $637.50 to do the work that the respondent originally agreed to do. The respondent violated C.R.C.P. 241.6 and the Code of Professional Responsibility, DR 1–102(A)(1) (violated a disciplinary rule), DR 1–102(A)(6) (engaged in conduct adversely reflecting on respondent's fitness to practice law), and DR 6–101(A)(3) (neglected a legal matter entrusted to him).

An additional count in the complaint charged that the respondent failed to respond to the request for investigation in violation of C.R.C.P. 241.6(7). It was established by clear and convincing evidence that after the respondent was served, he was granted an additional twenty days to respond. He failed to respond to the request for investigation and did not cooperate with the Grievance Committee in the investigation of this complaint.

The respondent's record reflects no prior discipline. The recommendation that the respondent be suspended for one year and one day is appropriate under the facts of this case. The respondent abandoned his practice leaving the complaining witness without legal representation and in a posture where it was necessary to hire replacement counsel. Respondent failed to respond to the complaint and the inquiries of the Grievance Committee and ignored the complaint that was made against him. The facts in this case are all but identical to *People v. Whitcomb*, 676 P.2d 11 (Colo. 1983), where suspension was ordered for one year and one day. The American Bar Association Standards for Imposing Lawyer Sanctions provides in standard 4.42 that suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to the client.

Accordingly, the respondent is suspended for one year and one day and is ordered to pay to the Grievance Committee, 600–17th Street South, Denver, Colorado 80202–5435, the costs of these proceedings in the amount of $228.65 within thirty days from June 6, 1988. Pursuant to C.R.C.P. 241.-22(c), the respondent, in order to obtain reinstatement, must comply with all provisions of the rule and must establish as a condition precedent to the filing of the petition for reinstatement that he has refunded to Clarence Olson, the complaining witness, the amount of $637.50, the funds expended by Olson to obtain substitute counsel to complete the work undertaken by the respondent.