The PEOPLE of the State of Colorado, Complainant,

.v.

Gregory G. VERNON, Attorney–Respondent.

No. 89SA218.

Supreme Court of Colorado, En Banc.

Oct. 23, 1989.

---

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Deputy Disciplinary Counsel, Denver, for complainant.

Neal K. Dunning, Denver, for attorney-respondent.

745

Justice ROVIRA delivered the Opinion of the Court.

In this attorney discipline case, a hearing panel of the Supreme Court Grievance Committee has approved the findings and recommendation of a hearing board that the respondent, Gregory G. Vernon, be disbarred, and that he be assessed the costs of these proceedings. We accept the recommendation.

The respondent was admitted to practice law in Colorado in 1972, and is subject to the jurisdiction of this court. In Case No. GC 87B–132, the respondent was charged with having engaged in intentional conduct involving dishonesty, fraud, deceit, and misrepresentation.[1]

In June 1984, the respondent entered into an agreement to purchase the Tri–Star Corporation. The seller retained a security interest in all assets of the company. Immediately thereafter, the respondent instructed Marvin Distel, a Tri–Star employee, to work on the development of a "mini-flip telephone." This device was intended to allow a person to use a car telephone from a location of up to 1,000 feet away from the car. In the spring of 1985, after two prior failures, Distel developed a workable prototype of the "mini-flip telephone."

In April 1985, Distel left Tri–Star because his paychecks had been dishonored. As a result of respondent's failure to make payments required by the purchase agreement, the seller obtained an order for possession of all the business assets of Tri–Star from the Mesa County District Court on May 31, 1985.

On June 12, 1985, respondent entered into a written agreement to sell a 25% interest in the "mini-flip telephone" for $10,000 to Jess Burge, who had become acquainted with the respondent through prior business dealings. The written agreement, together with the prior discussions Burge had with the respondent, created the clear impression that, at the time of the agreement, the respondent had the

---

1. The respondent was involved in nonlegal business activities. Nevertheless, he remains subject to the jurisdiction of this court. *See, e.g., People v. Horn,* 738 P.2d 1186 (Colo.1987); *People v. Yoakum,* 191 Colo. 269, 552 P.2d 291 (1976); C. Wolfram, *Modern Legal Ethics* § 3.3.4 (1986).

resources and the ability to manufacture and market the "mini-flip telephone." The hearing panel considered conflicting testimony and concluded that, at the time of the purchase, Burge had not been advised: that the assets of Tri–Star had been repossessed; that Distel was no longer employed by Tri–Star; and, that the "mini-flip telephone" was developed by Tri–Star and may well have been a corporate asset and not that of respondent.

The hearing board concluded that the respondent fraudulently induced Burge to purchase a 25% interest in the "mini-flip telephone" by failing to disclose material facts, which rendered the statements made by the respondent and the statements contained in the June 12, 1985 agreement false and misleading. Accordingly, the hearing board found that the respondent violated DR 1–102(A)(4) (dishonest, fraudulent, and deceitful conduct), and C.R.C.P. 241.6 (engaging in conduct which violates a disciplinary rule). The respondent contends that he did not commit the acts alleged and, therefore, should not be disciplined at all. No objections, however, were filed by the respondent, pursuant to C.R.C.P. 241.15, to the hearing board's findings of fact, nor were any exceptions to the hearing panel's recommendation filed pursuant to C.R.C.P. 241.20. The hearing board's factual findings are supported by substantial evidence and are not clearly erroneous. Therefore, these findings of fact are binding upon this court. *People v. Garnett*, 725 P.2d 1149 (Colo.1986).

In arriving at its recommendation, the hearing board considered both the aggravating and the mitigating factors present in this case. As an aggravating factor, the hearing board noted that the respondent had been suspended from the practice of law for one year and a day in November 1982,[2] and received letters of admonition on October 2, 1978, October 17, 1978, and September 12, 1979. In mitigation, the hearing board considered the family tragedies which occurred simultaneously with respondent's financial difficulties and the fact that he made full restitution of Burge's $10,000 investment.

The hearing board recommended, based upon the serious nature of respondent's misconduct and his prior disciplinary record, that he be disbarred. A hearing panel approved the findings and recommendation. We agree with the recommendation. *See* ABA Standards for Imposing Lawyer Sanctions § 5.11(b) (1986) (disbarment appropriate when lawyer engages in "intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.").

Accordingly, it is hereby ordered that Gregory G. Vernon is disbarred and his name is stricken from the role of attorneys authorized to practice law before the Supreme Court of Colorado. Respondent is ordered to pay the costs of these proceedings in the amount of $2,080.83 within sixty days of the date of this opinion, *see* C.R. C.P. 241.21, to the Colorado Supreme Court Grievance Committee, Suite 500 S, 600 Seventeenth Street, Denver, Colorado 80202–5435.

---

**2.** In *People v. Vernon*, 660 P.2d 879 (Colo.1982), the respondent was suspended for violating, among other disciplinary rules, DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation).