The PEOPLE of the State of Colorado, Complainant,

v.

Wayne Allen SCHMAD, Respondent.

No. 90SA141.

Supreme Court of Colorado, En Banc.

June 25, 1990.

George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

No appearance for respondent.

PER CURIAM.

The Supreme Court Grievance Committee has recommended that the respondent attorney, Wayne Allen Schmad, be suspended from the practice of law for a period of one year and one day and that the costs of the proceedings be assessed against him. We accept and approve the recommendations.

I.

Schmad was admitted to the Bar of the State of Colorado in 1973 and is subject to the disciplinary jurisdiction of this court and its Grievance Committee. Schmad did not appear at the Grievance Committee hearing and the hearing board found that the facts set forth in this opinion were established by clear and convincing evidence.

Schmad entered into an unwritten contingency fee agreement to represent Marilynne Miller in connection with serious injuries she suffered in an automobile accident. Although the respondent filed the complaint and the case was set for trial, Schmad did not investigate the facts adequately and conducted little or no pre-trial discovery. He did not depose either the independent medical examiners or the driver of the other vehicle and did not order copies of the transcripts of two depositions which were taken by the insurance company's counsel. Six weeks prior to trial, Schmad urged his client to accept a structured settlement in the form of $85,000 to be paid over a ten-year period in monthly payments of $300. Schmad did not advise his client of any possible conflict of interest which might arise from his financial interest in the structured settlement. Miller rejected the proposed settlement, advising Schmad that she had an immediate need for funds to pay for therapy and rehabilitation and did not want to receive future payments.

With knowledge of his client's position, Schmad nevertheless contacted the insurance adjuster and offered to settle for the immediate payment of $25,000 and payment of $85,000 over a period of ten years. The insurance adjuster agreed and forwarded a settlement agreement, release and stipulation for dismissal.

Two days later, Schmad called the adjuster, informed him that his client was having second thoughts about the settlement, and proposed a lump sum settlement of $75,000. His proposal was rejected by the insurance company.

Schmad again approached his client regarding the unauthorized agreement which he had negotiated with the insurance adjuster. He proposed to take $21,000 of the $25,000 lump sum payment as his attorney fees, disburse $4,000 immediately to Miller, and allow the remaining $85,000 to be paid to Miller over the ten-year period. Schmad then signed a stipulation to dismiss and urged Miller to sign the agreement, release and stipulation for dismissal. She refused and hired replacement counsel to pursue her claim. Schmad failed to return her case file but ultimately, Miller's claims were settled by her new attorney for approximately $125,000 in a lump sum settlement.

II.

Schmad is subject to discipline under C.R.C.P. 241.6 and the Code of Professional Responsibility, DR 1–102(A)(1) for numerous violations of the disciplinary rules. By entering into an unwritten fee agreement, the respondent violated the Rules Govern-

ing Contingent Fees, Chapter 23.3, 7A C.R.S. (1989 Supp.). Under the facts, Schmad also violated DR 2–106(A) (prohibiting illegal or clearly excessive fee). We agree with the Grievance Committee that not every unwritten contingent fee agreement violates DR 2–106(A). Here there was such a violation because Schmad not only entered into an unenforceable agreement but he also threatened to enforce the agreement by means of an attorney's lien when Miller informed him that she refused to execute the settlement agreement and accept the tendered check. Schmad did not investigate or prepare Miller's case adequately and entered into settlement negotiations without sufficient knowledge of the case. By doing so, he acted incompetently and violated DR 6–101(A)(2) (handling a legal matter without adequate preparation). His neglect caused substantial harm to his client.

Throughout the settlement negotiations, Schmad failed to advise his client fully and acted against her wishes and best interests. In particular, he did not disclose to Miller the possible conflict of interest between him and Miller regarding the amount and payment method for the settlement money. His conduct violated DR 5–101(A) (requiring full disclosure when a lawyer's professional judgment on behalf of his clients may be affected by the lawyer's own financial interest). Schmad's attempt to enter into a settlement without his client's consent violated DR 7–101(A)(3) (causing damage to a client during the course of a professional relationship) and adversely reflected on his fitness to practice law in violation of DR 1–102(A)(6).

### III.

In recommending the sanctions to be imposed, the Grievance Committee considered the ABA Standards for Imposing Lawyer Sanctions. It found Standards 4.32 and 4.42 to be applicable. Standard 4.32 states:

> Suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client.

Standard 4.42 provides:

> Suspension is generally appropriate when:
>
> (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
>
> (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

The Grievance Committee weighed the aggravating and mitigating factors present in this case. Under Standard 9.2, the committee found the following aggravating factors: Schmad's refusal to acknowledge the wrongful nature of his conduct and his failure to appear at the disciplinary hearing. Other aggravating factors which we find present are the respondent's selfish motive in attempting to force his client to settle and his substantial experience practicing law. *See* Standards 9.22(c) and (i). The sole mitigating factor which the committee found present under Standard 9.3 was the respondent's lack of a prior disciplinary record. Suspension for one year and one day is consistent with the discipline we have imposed in similar cases. *See, e.g., People v. Lustig,* 758 P.2d 1342 (Colo. 1988); *People v. Hodge,* 752 P.2d 533 (Colo. 1988).

We accept the committee's disciplinary recommendations. Accordingly, we order the respondent, Wayne Allen Schmad, to be suspended from the practice of law for a period of one year and one day beginning thirty days from the date of this order. The respondent is directed to comply with C.R.C.P. 241.21(a) regarding the winding up of his practice. Within thirty days of the date of this order, the respondent is ordered to pay the costs of this proceeding in the amount of $326.27 to the Supreme Court Grievance Committee, 600 17th Street, Suite 500–S, Denver, Colorado 80202–5435.