The PEOPLE of the State of Colorado, Complainant,

v.

Dean P. GROSSENBACH, Attorney–Respondent.

No. 91SA158.

Supreme Court of Colorado, En Banc.

June 10, 1991.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Dean P. Grossenbach, pro se.

PER CURIAM.

In this attorney discipline case, an inquiry panel of the Supreme Court Grievance Committee unanimously approved the stipulation, agreement, and conditional admission of misconduct entered into between the respondent and the assistant disciplinary counsel, see C.R.C.P. 241.18, and recommended that the respondent be disbarred for conversion of client funds, that he pay restitution, and that he be assessed the costs of the proceedings. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be disbarred and pay restitution and the costs of these proceedings.

## I.

The respondent was admitted to the bar of this court on September 29, 1978, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The stipulation, agreement, and conditional admission of misconduct revealed that the respondent was retained by Marvin Barbour in 1987 to file bankruptcy and that the case was closed near the end of 1988. Marvin and Sandra Barbour hired the respondent to file bankruptcy on Sandra Barbour's behalf in December 1988. The Barbours received two receipts from the respondent totalling $680 in December 1988. Before the bankruptcy petition was filed, however, the Barbours were served with process in an action brought against them by Allied Fidelity Insurance Company (AFIC) to collect on a general indemnity agreement and performance and payment bond that the Barbours had signed individually. The respondent eventually reached an agreement with the lawyer for AFIC to settle the case. The respondent's clients were to pay AFIC $4,400 and the insurance company would dismiss the case with prejudice.

In May 1989, the respondent advised the Barbours that he had settled their case for $5,000. He did not tell them that he intended to keep $600 for attorney's fees. The respondent received a cashier's check from the Barbours for $5,000 on May 4, 1989, which he deposited into his trust account on July 12, 1989. On August 2, 1989, the respondent wrote a check on the trust account to himself for attorney's fees, but he did not send the $4,400 to the AFIC's lawyer. By January 1991, the $4,400 was no longer in the trust account. The respondent also did not return settlement documents that the lawyer for AFIC had sent to him. As a result, the Barbours received AFIC's motion for default judgment on October 20, 1989. The respondent misrepresented to his clients that he had sent the settlement money to AFIC and that he did not know what had happened to the money. He told the Barbours that he would take care of the matter.

The respondent never filed an answer to the complaint, however, and never responded to the motion for default judgment. On November 1, 1989, the trial court granted the motion for default judgment in the amount of $91,981.41, including the principal amount of $58,485.00, plus attorney's fees and costs. AFIC has indicated that it is willing to settle the dispute in the manner agreed on before the default judgment was entered, and the Barbours are in the process of complying with the settlement agreement.

The respondent has admitted, and we agree, that his conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him). By virtue of the foregoing, the respondent has also violated C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline); and DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule).

## II.

The inquiry panel has recommended that the respondent be disbarred for his misconduct, and the respondent has consented to disbarment. The respondent has also

agreed to pay restitution in the amount of $5,680 plus interest prior to any application for readmission. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." *ABA Standards* 4.11. Further, "[d]isbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client." *ABA Standards* 4.61.

The respondent has a history of discipline. On January 14, 1991, we suspended the respondent for a year and a day for neglecting a legal matter and making false and misleading statements to his client. *People v. Grossenbach*, 803 P.2d 961 (Colo. 1991). The respondent has also received a private censure and two letters of admonition. We conclude that the respondent's misconduct warrants nothing less than disbarment, and we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

### III.

Accordingly, it is hereby ordered that Dean P. Grossenbach be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is ordered that Grossenbach pay restitution in the amount of $5,680 plus statutory interest from May 4, 1989 until paid, prior to any readmission. It is further ordered that Grossenbach pay the costs of this proceeding in the amount of $45.00 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.