The PEOPLE of the State of
Colorado, Complainant,

v.

David Dean MULLIGAN, Attorney–
Respondent.

No. 91SA333.

Supreme Court of Colorado,
En Banc.

Oct. 7, 1991.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Christopher C. Cross, Denver, for respondent.

PER CURIAM.

In this attorney discipline case, an inquiry panel of the Supreme Court Grievance Committee approved the stipulation, agreement, and conditional admission of misconduct entered into between the respondent and the assistant disciplinary counsel. See C.R.C.P. 241.18. The inquiry panel recommended that the respondent either be suspended for three years or be disbarred for conversion of client funds and conduct involving dishonesty, arising from the respondent's administration of three separate estates. Considering the gravity of the respondent's misconduct, we accept the stipulation and agreement, and order that the respondent be disbarred and pay the costs of this proceeding.

I.

The respondent was admitted to the bar of this court on September 20, 1960, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). On December 20, 1990, the respondent was suspended from the practice of law pending further order of this court based upon the facts underlying the complaint in this case. C.R.C.P. 241.8.

The stipulation, agreement, and conditional admission of misconduct revealed that the respondent was retained by Janeen Beeler on April 20, 1990, to draft her will and administer the estate of her parents. Beginning in June 1990, the respondent borrowed a total of $26,000 from Beeler, but he has only repaid $2,000 of the unsecured loans. When he obtained the loans, the respondent did not properly disclose the conflict of interest between Beeler and him, and did not discuss security for the loans with Beeler. See People v. Bennett, 810 P.2d 661, 664–65 (Colo.1991).

The respondent has admitted, and we agree, that his conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 5–104(A) (a lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure). By virtue of the foregoing, the respondent has also violated C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline); and DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule).

The stipulation also states that in August 1990, the respondent was retained by two sisters to administer the estate of their

recently deceased mother. Between October 3 and October 22, 1990, the respondent converted approximately $35,200 from the estate to his own personal use. Finally, the respondent has admitted that between December 1987 and November 1990, he converted approximately $150,000 from a third estate in which he had been appointed the personal representative.

This conduct by the respondent violated DR 1–102(A)(4) (dishonesty); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law); DR 9–102(B)(3) (failure to maintain complete records of client property in the possession of the lawyer and to render appropriate accounts to the client regarding the property); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). The respondent has also conceded that his conduct violated C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes grounds for lawyer discipline).

## II.

The inquiry panel recommended that the respondent be suspended for three years or disbarred for his misconduct, and the respondent has consented to either sanction. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." *ABA Standards* 4.11. Further, "[d]isbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client." *ABA Standards* 4.61. *See People v. Gros-*

*senbach,* 814 P.2d 810 (Colo.1991) (conversion of client funds warrants disbarment).

The mitigating factors noted in the stipulation are insufficient to call for any sanction less than disbarment. *Cf. People v. Sachs,* 732 P.2d 633 (Colo.1987) (where attorney had made complete restitution of funds he had converted, and neither the attorney's former law firm nor its clients suffered any financial loss because of the attorney's misconduct, attorney was suspended for two years). Accordingly, we accept the stipulation and agreement, and order that the respondent be disbarred and pay the costs of this proceeding.

## III.

It is hereby ordered that David Dean Mulligan be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Mulligan pay the costs of this proceeding in the amount of $48.27 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

KIRSHBAUM, J., does not participate.