The PEOPLE of the State of
Colorado, Complainant,

v.

George H. WHITCOMB, Attorney–
Respondent.

No. 91SA282.

Supreme Court of Colorado,
En Banc.

Oct. 28, 1991.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee unanimously approved the findings of the hearing board and recommended that the respondent in this attorney disciplinary proceeding be disbarred for conversion of trust funds, that he be ordered to make restitution to the trust as a condition for readmission, and that he be assessed the costs of the proceeding. The respondent defaulted before the hearing board and he has not appeared in this court. We accept the recommendation of the hearing panel, order that the respondent be disbarred and that he pay restitution, interest, and costs.

I

The respondent was admitted to the bar of this court on April 5, 1967, is registered as an attorney upon this court's official records, and is subject to the disciplinary jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). On January 9, 1991, the respondent was suspended from the practice of law pending the outcome of these proceedings. C.R.C.P. 241.8.

Because the respondent did not appear and did not answer the complaint filed by the disciplinary counsel, an order of default was entered and the allegations of fact in the complaint were deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo. 1991). Based on the respondent's default, and evidence tendered by the disciplinary counsel, the hearing board found that the following allegations and charges of misconduct contained in the complaint were established by clear and convincing evidence.

On December 28, 1979, Robert Scott ("settlor") created a trust for the benefit of his minor children. The respondent and Terrance John Scott were named as co-trustees. During 1989, the respondent withdrew $13,100 from the trust without the settlor's knowledge or consent. The settlor discovered that the funds were missing while checking the accounts of the trust at about the time that the respondent was removed as a trustee. The respondent admitted to the settlor that he had taken $11,100 from the trust. The settlor required the respondent to sign an unsecured promissory note for $13,100, dated January 2, 1990, bearing interest at the rate of 10% per annum until the due date, at which time the interest rate became 15% per annum. The note was due on January 2, 1991, but the respondent has made no payments on

this note.[1]

The hearing board found, and we agree, that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law); DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship); DR 7–102(A)(8) (in representing a client, a lawyer shall not knowingly engage in illegal conduct or conduct contrary to a disciplinary rule); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). Since the respondent did not appear and did not answer the complaint, he violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline). Finally, by virtue of the foregoing, the respondent violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P. 241.6 (grounds for lawyer discipline).

## II

The hearing panel unanimously recommended that the respondent be disbarred. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), provide that, in the absence of aggravating and mitigating circumstances, disbarment is generally appropriate when "a lawyer engages in ... intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." *ABA Standards* 5.11(b). *See People v. Kramer*, 819 P.2d

77 (Colo.1991) (attorney disbarred for obtaining personal loans by means of fraudulent "investment plans"); *People v. Calt*, 817 P.2d 969 (Colo.1991) (attorney disbarred for counseling and assisting his client in conduct that the respondent knew to be illegal or fraudulent, for engaging in conduct involving dishonesty, and for illegal conduct involving moral turpitude); *People v. Vernon*, 782 P.2d 745, 746 (Colo. 1989) (engaging in intentional conduct involving dishonesty, fraud, deceit, and misrepresentation warrants disbarment).

The respondent has a history of prior discipline. On November 15, 1983, we suspended the respondent for one year and one day for failing to respond to a request of the grievance committee, engaging in conduct prejudicial to the administration of justice, and for neglecting a legal matter. *People v. Whitcomb*, 676 P.2d 11 (Colo. 1983). The hearing board in this proceeding found that the following aggravating factors were present: (1) prior disciplinary offenses, *ABA Standards* 9.22(a); (2) a dishonest or selfish motive, *id.* at 9.22(b); (3) failure to comply with the rules of the grievance committee, *id.* at 9.22(e); (4) a refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); (5) substantial experience in the practice of law, *id.* at 9.22(i); and (6) an indifference to making restitution, *id.* at 9.22(j). The hearing board found no mitigating circumstances because the respondent did not appear or answer the complaint. We accept the recommendation of the hearing panel and order that the respondent be disbarred.

## III

It is hereby ordered that George H. Whitcomb be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is ordered that Whitcomb pay restitution in the amount of $13,100 plus statutory interest from January 2, 1990,

---

1. The hearing board also found that the respondent had obtained an earlier loan of $11,000 from the trust with the permission of the settlor, as well as two personal loans from the settlor in the amounts of $10,000 and $4,500. All of these loans were evidenced by unsecured promissory notes signed by the respondent. After the settlor's attorney contacted the respondent and demanded repayment of all of the loans, the respondent made a single payment of $150.

until paid, to the Scott trust as a condition of readmission. It is further ordered that Whitcomb pay the costs of this proceeding in the amount of $115.81 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.