The PEOPLE of the State of
Colorado, Complainant,

v.

Richard E. YOUNG, Attorney–
Respondent.

No. 93SA294.

Supreme Court of Colorado,
En Banc.

Dec. 6, 1993.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Philip E. Lowery, Denver, for attorney-respondent.

PER CURIAM.

The respondent[1] in this disciplinary proceeding and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The assistant disciplinary counsel recommended, and the respondent consented to, the imposition of disbarment as a disciplinary sanction for the respondent's misconduct which involved the conversion of client funds. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation. We accept the stipulation and agreement, and order that the respondent be disbarred and be assessed costs.

I

The stipulation and agreement recites the following facts:

a. Respondent's law firm carried substantial accounts receivable in 1989, the largest of which was $300,000.00, and the law firm was experiencing a serious negative cash flow.

b. On February 17, 1989, Respondent became the trustee for married couple A [sic].

c. Respondent withdrew in excess of $100,000.00 from the accounts of couple A without their prior knowledge or consent.

d. The funds withdrawn by Respondent were used to meet his firm's expenses.

e. These funds were repaid prior to the filing of this Complaint. All interest has also been repaid.

f. In September, 1990, Respondent was appointed as a personal representative of an estate. (Incident B)

g. Respondent received insurance proceeds on behalf of the estate but failed to deposit proceeds in the estate's bank account.

h. Respondent commingled these funds with other accounts and some were used to meet his firm's operating expenses; Respondent made full repayment to the estate on or before November 1, 1992, together with all interest.

---

1. The respondent was admitted to the bar of this court on September 20, 1960, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). On November 16, 1992, we suspended the respondent from the practice of law pending final disposition of the charges in this proceeding. C.R.C.P. 241.8.

i. Respondent was appointed conservator for the estate of married couple C [sic] in March, 1992.

j. Respondent took approximately $73,000.00 of couple C's money without their knowledge or consent and used it to meet his firm's operating expenses.

k. A discrepancy in the account was discovered and Respondent resigned as conservator on October 29, 1992.

l. Prior to providing the successor conservator with the estate accounts, Respondent took $55,000.00 from client D's [sic] account to replenish the above described estate account and eliminate the discrepancy.

m. These funds from client D's account were restored together with interest thereon and redelivered to client D by Respondent.

n. Complainant has been provided proof that in all four instances, full restitution, plus interest, has been made by Respondent.

## II

■ The respondent's conversion of client funds violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). When a lawyer knowingly converts client funds, disbarment is 'virtually automatic,' at least in the absence of significant factors in mitigation. *People v. Kearns,* 843 P.2d 1, 5 (Colo.1992). *See, e.g., People v. Robnett,* 859 P.2d 872, 878 (Colo.1993) (attorney disbarred for conversion of client funds and deception of client); *People v. Finesilver,* 826 P.2d 1256, 1258 (Colo.1992) (conversion of trust funds and forging of court document warrants disbarment); *People v. Whitcomb,* 819 P.2d 493 (Colo. 1991) (conversion of trust funds warrants disbarment); *People v. Kramer,* 819 P.2d 77 (Colo.1991) (lawyer disbarred for obtaining loans by means of false and fictitious "investment plans"); *People v. Mulligan,* 817 P.2d 1028 (Colo.1991) (attorney disbarred for conversion of client funds); *People v. Calt,* 817 P.2d 969 (Colo.1991) (assisting client in fraudulent scheme to obtain funds from the client's employer warrants

disbarment of the lawyer); *People v. Grossenbach,* 814 P.2d 810 (Colo.1991) (conversion of client funds and knowing deception of clients warrants disbarment).

■ Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." ABA *Standards* 4.11. The respondent has no prior disciplinary history, and has cooperated in these proceedings. *Id.* at 9.32. He has also provided restitution. These factors are not sufficient, however, to justify a sanction less than disbarment in a case of misappropriation of this magnitude. *See Finesilver,* 826 P.2d at 1258–59. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and order that the respondent be disbarred.

## III

It is hereby ordered that Richard E. Young be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Young pay the costs of this proceeding in the amount of $45.06 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

KIRSHBAUM, J., does not participate.