**The PEOPLE of the State of Colorado, Complainant,**

v.

**Marq J. WARNER, Attorney–Respondent.**

**No. 94SA81.**

Supreme Court of Colorado,
En Banc.

May 2, 1994.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Keller, Wahlberg & Morrato, P.C., Alex Stephen Keller, Denver, for attorney-respondent.

PER CURIAM.

The respondent [1] in this attorney disciplinary proceeding was charged with multiple violations of the Code of Professional Responsibility, involving, among other things, the conversion of funds held in a fiduciary capacity, and the knowing use of perjured testimony in a court proceeding. A hearing board granted the assistant disciplinary counsel's motion for summary judgment, establishing the underlying facts and ethical violations. The parties subsequently stipulated disbarment was the appropriate disciplinary sanction. A hearing panel of the Supreme Court Grievance Committee approved the board's findings and recommendation that the respondent be disbarred. We accept the panel's recommendation.

I.

Based upon the summary judgment, and the exhibit tendered by the assistant disciplinary counsel, the hearing board found that five counts of misconduct were established by clear and convincing evidence. In December 1973, the respondent, who was a licensed real estate broker as well as a lawyer, met Beverly Zeloof, a friend of respondent's father-in-law. Zeloof subsequently married the respondent's father-in-law, and they lived in Illinois. The respondent entered into an agreement with Mrs. Dratler, the former Beverly Zeloof, whereby she would invest funds which the respondent would use to purchase, renovate, and resell or rent distressed and foreclosed property. A written agreement executed in 1974 provided that the respondent would receive fifty percent of the net profits from the resale of any properties, and a seven percent management fee if the property was rented. The respondent acted as Mrs. Dratler's lawyer, broker, investment adviser, and partner. In the spring of 1974, Mrs. Dratler gave the respondent a total of $89,100 in various bank and cashier's checks.

With respect to Count I, the board found that the respondent breached his fiduciary duties to Mrs. Dratler, converted her funds, controlled and named himself trustee on Mrs. Dratler's account in order to use the funds for his own purposes, and misrepresented to the banks that the funds he transferred from Mrs. Dratler's account were his. His conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

---

1. The respondent was admitted to the bar of this court on April 24, 1970, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

In Count II, the board found that, by use of various schemes and subterfuges, the respondent converted Mrs. Dratler's funds by engaging in self-dealing in competing businesses in which he held undisclosed interests; that he thereafter attempted to hide and cover up prohibited transactions that placed him in an irreconcilable conflict of interest with Mrs. Dratler; and that the respondent deprived Mrs. Dratler of business opportunities and profits. As the hearing board determined, the respondent's conduct again violated DR 1–102(A)(4) and DR 1–102(A)(6), as well as DR 5–101(A) (except with the consent of the client after full disclosure, a lawyer shall not accept employment if the exercise of the lawyer's professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests), and DR 5–104(A) (a lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise the lawyer's professional judgment therein for the protection of the client, unless the client has consented after full disclosure).

The board found in Count III that the respondent prevented Mrs. Dratler from monitoring her investment accounts by maintaining custody of all her bank records, including checks and bank statements, and not providing her with copies or summaries of those records. The respondent also failed to provide a full accounting upon request. His conduct therefore violated DR 1–102(A)(6) and DR 9–102(B)(3) (failure to maintain complete records of client property in the possession of the lawyer and to render appropriate accounts to the client regarding the property).

In 1975, the respondent delivered a second "formalized agreement" to Mrs. Dratler and asked her to sign the agreement to assist him in giving a deposition in Mr. Dratler's dissolution proceeding. He used this agreement to help his father-in-law hide assets in connection with the latter's divorce from Mrs. Dratler, pending in Illinois.

Moreover, the respondent perjured himself at a deposition in the dissolution matter, and admitted that the agreement he prepared was post-dated and prepared for the purpose of conspiring to hide assets from Mr. Dratler's ex-wife. In Count IV, the board concluded that the respondent violated DR 1–102(A)(4) and (6). In addition, his misconduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 7–102(A)(3) (a lawyer shall not conceal or knowingly fail to disclose that which the lawyer is required by law to reveal), DR 7–102(A)(4) (a lawyer shall not knowingly use perjured testimony or false evidence), DR 7–102(A)(5) (a lawyer shall not knowingly make a false statement of law or fact), DR 7–102(A)(6) (a lawyer shall not participate in the creation or preservation of evidence when the lawyer knows, or it is obvious, that the evidence is false), and DR 7–102(A)(7) (a lawyer shall not counsel or assist a client in conduct that the lawyer knows to be illegal or fraudulent).

After Mrs. Dratler terminated her business relationship with the respondent in 1978, the respondent refused to authorize the release of bank information to her. Further, the respondent refused to produce documents to which Mrs. Dratler was entitled, despite court orders to the contrary; he claimed that certain documents related to his other businesses were not available in order to escape detection; and he attempted to intimidate and coerce Mrs. Dratler by filing a lawsuit against her. His conduct with respect to Count V violated DR 1–102(A)(4)– (6), DR 7–102(A)(1) (in representing a client, a lawyer shall not file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the lawyer's client when the lawyer knows, or when it is obvious, that such action would serve merely to harass or maliciously injure another), and DR 7–106(A) (a lawyer shall not disregard or advise the lawyer's client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding).

II.

The hearing panel approved the board's recommendation that the respondent be disbarred. Disbarment is virtually certain following a lawyer's knowing conversion of client funds, at least in the absence of signifi-

cant mitigating factors. *People v. Young,* 864 P.2d 563, 564 (Colo.1993). No factors in mitigation were found. The respondent's actions in this case go beyond ordinary conversion, however. They include perjury and they display a truly exceptional chamber of fiduciary horrors. We accept the hearing panel's recommendation.

### III.

It is hereby ordered that Marq J. Warner be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is further ordered that Warner pay the costs of these proceedings in the amount of $185.39 within thirty days to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.