MR. JUSTICE HODGES
delivered the opinion of the Court.
A complaint against Leonard G. Kramer, the attorney-respondent, alleged that he had been delinquent in the handling of a probate estate matter and that in connection with his representation of that estate, he had received a substantial fee to which he was not entitled. Secondly, the complaint also alleged that the attorney-respondent borrowed approximately $27,000 from the executrix of the estate, who was the widow of the deceased, and that a substantial part of this loan remained unpaid and was delinquent at the time of the complaint.
The Grievance Committee of the Supreme Court conducted a hearing at which the respondent appeared in person and was represented by counsel who is not the respondent’s present counsel. Based upon the pleadings, exhibits, testimony and argument, the grievance committee made findings which support the allegations of the complaint. It recommended that the respondent be suspended from the practice of law for one year. Upon this court’s consideration of the report of the grievance committee, it was concluded that indefinite suspension was the more appropriate disciplinary action in this case. In arriving at this conclusion, we have given full consideration to the respondent’s exceptions to the grievance committee’s report and to the imposition of indefinite suspension.
The following is a resume of the facts as found by the grievance committee. Elmo Murray Koken died in August 1970. In his will, he left all of his estate to his surviving widow, Mrs. Catherine Koken, who retained this respondent in September 1970 to represent her in the estate matter.
*186 Mrs. Koken, at the time she employed respondent, was approximately 55 years of age. She had a high school education. During their 33 years of married life, her husband had completely managed the family’s financial affairs. Mrs. Koken was wholly untutored and unsophisticated in business and legal affairs._
In October 1970, the respondent called at Mrs. Koken’s home and requested a $2500 payment as a retainer in connection with the probate of her husband’s estate. At the respondent’s request, Mrs. Koken’s check was made payable to this respondent and another attorney who was to assist in this estate matter. Each attorney received one-half of the proceeds from this check. The other attorney is the subject of another disciplinary action by this court. In November 1970, a petition for the probate of Mr. Ko-ken’s will was filed in the District Court of Jefferson County, and in January 1971, Mrs. Koken was appointed executrix.
When no estate inventory had been filed by October 1971, the ditrict court communicated with the respondent and the other attorney requesting that an inventory be promptly filed. Thereafter, it was prepared by the other attorney and filed on or about December 1, 1971.
When no further action was taken in the estate by November 1972, the district judge again communicated with the executrix and the attorneys to immediately initiate required estate procedures to close the estate. No action appears to have been taken in response to this request, although the other attorney did indicate in his testimony that he may have called the district court clerk and reported that action would be taken shortly.
When nothing was done in the estate for the next several months, Mrs. Koken directed letters on April 30, 1973 to both attorneys requesting their withdrawal as attorneys for the Koken estate. After a short delay, both attorneys withdrew and Mrs. Koken then retained other counsel to handle the estate matter. New counsel shortly determined that almost all of the property in the estate was held in joint tenancy with Mrs. Koken and that as a consequence, it was inappropriate for this estate to be handled under a probate administration. Rather, it should have been handled under the Small Estates Act. Such a proceeding was promptly instituted and an order of distribution was entered without further delay.
*187 During the period this respondent was employed as attorney for the Koken estate, no Colorado inheritance tax application was prepared or filed. When new counsel was retained, an inheritance tax application was immediately prepared and promptly filed. Because of the long delay in filing this application, penalties and interest in the amount of $209.21 were assessed against Mrs. Koken as personal representative of her deceased husband’s estate.
The explanations and excuses advanced by this respondent for his inaction in the handling of the estate were unconvincing and consequently were rejected by the grievance committee.
The grievance committee concluded that this respondent was guilty of gross negligence in connection with his representation of Mrs. Koken and his handling of the Koken estate. The committee also found that during the period of over two and one-half years when he represented the estate, he failed to recognize even the most elementary facts with respect to the nature and ownership of the estate assets and, in fact, initiated a form of probate proceeding not required by the facts. Gross negligence was also involved in the failure to file an inheritance tax application.
The committee found, and we agree, that this respondent and the other attorney failed to earn any part of the $2500 fee which they collected. What services were rendered by these attorneys were wholly without value to either Mrs. Koken or to the estate, and because of the grossly inept representation, Mrs. Koken was forced to hire other counsel at additional expense to her and the estate.
With reference to the money which this respondent borrowed from Mrs. Koken, the grievance committee found the following to be the facts. In mid-November 1970, Mrs. Koken received approximately $27,000 in death and insurance benefits as a result of her husband’s death. Several days thereafter at the instance and behest of this respondent, Mrs. Koken loaned him the sum of $6,000 and he executed a promissory note to her for this amount. In the next several months, Mrs. Koken was persuaded to loan this respondent additional sums of money amounting to more than $27,000. The various loans apparently were unsecured and evidenced only by promissory notes, all of which provided for varying rates of interest and varying repayment schedules. Mrs. *188 Koken testified that these sums were loaned to the respondent because he was her attorney and she had reposed complete trust and confidence in him.
From time to time, after the making of these loans, the respondent made some payments on them; however, in mid-1971, he stopped making payments entirely. In August or September 1973, Mrs. Koken retained another attorney to assist her in collecting the unpaid balances of the loans due her by respondent. At this time, the amount due and delinquent on the various promissory notes amounted to approximately $25,000. The grievance committee found that by January 3, 1974, this respondent had fully repaid to Mrs. Koken the amount of the loans plus an additional amount representing the attorney fee required to be paid by Mrs. Koken to collect these promissory notes.
The grievance committee found, and we agree, that the respondent in borrowing money from Mrs. Koken took advantage of a client and placed a substantial portion of the assets which she received as a result of her husband’s death in jeopardy inasmuch as the respondent borrowed this money in order to alleviate his own precarious financial situation.
In our view, the respondent has clearly violated his oath as an attorney, and by his inaction, ineptitude and gross negligence as shown here, is fully deserving of this disciplinary action. Nothing less than an indefinite suspension from the practice of the law would be appropriate under the facts of this case.
The grievance committee has recommended that this respondent be ordered to refund to Mrs. Koken the sum of $1,250 which represents that portion of the attorney fee paid by Mrs. Koken to this respondent. Also, it is recommended that the respondent pay to Mrs. Koken the sum of $104.60 which represents one-half of the amount of the penalty and interest assessed against her because of the failure to file an inheritance tax application with the State of Colorado. The grievance committee has recommended that the other one-half of the attorney fee and the penalty and interest assessment should be paid to Mrs. Koken by the other attorney involved here. The recommendation as to this respondent is adopted and we order him to deliver in certified funds to the Clerk of the Supreme Court of Colorado for the amounts above indicated which will then be transmitted to Mrs. *189 Koken. This order must be complied with within 30 days from the date this opinion is announced.
This respondent is also required to pay, as his share of the costs of these proceedings, the sum of $158.70. These costs are to be paid to the Clerk of the Supreme Court within 60 days from the date of the announcement of this opinion.
It is the order of this court that Leonard G. Kramer, the attorney-respondent herein, be suspended from the practice of the law indefinitely. In conjunction with this disciplinary action, the respondent, under the direction of counsel for the grievance committee, shall do whatever may be necessary to terminate all attorney-client arrangements. A report that this has been fully and properly accomplished must be filed with this court on or before May 9, 1975 by the respondent.
MR. JUSTICE DAY does not participate.