The PEOPLE of the State of
Colorado, Complainant,

v.

Leonard G. KRAMER, Attorney–
Respondent.

No. 91SA220.

Supreme Court of Colorado,
En Banc.

Oct. 21, 1991.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

The respondent, Leonard G. Kramer, defaulted in this attorney disciplinary proceeding, and he has not appeared in this court. A hearing panel of the Supreme Court Grievance Committee approved the recommendation of a hearing board that the respondent be disbarred, pay restitution as a condition of readmission, and be assessed the costs of the proceeding. We accept the recommendation of the hearing panel, order that the respondent be disbarred and that he pay restitution, interest, and costs.

I

The respondent was admitted to the bar of this court on June 22, 1960, is registered as an attorney upon this court's official records, and is subject to the disciplinary jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The respondent was indefinitely suspended by order of this court on April 7, 1975, and he remains suspended.

The respondent did not appear and did not answer the complaint filed by the assistant disciplinary counsel, and the allegations of fact in the complaint were deemed admitted because of the entry of a default. *People v. Crimaldi,* 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the following allegations and charges of misconduct contained in the complaint were established by clear and convincing evidence.

Beginning on June 2, 1989, and continuing through August 30, 1989, the respondent obtained three loans totalling $13,425 from John W. Barrett. The respondent has repaid only $2,030. The respondent procured these loans by preparing "investment plans" for Barrett's perusal. These plans described loans to be made to specified third parties by use of funds supplied in part by Barrett, and detailed the security to be provided by the borrowers. The re-

spondent gave his promissory note to Barrett for each of Barrett's "investments." The investment plans were entirely false, fictitious, and fraudulent. The third party borrowers and the collateral they were to provide as security for the loans did not exist.

The hearing board determined, and we agree, that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in · conduct involving dishonesty, fraud, deceit, or misrepresentation). The respondent must answer for his dishonesty even if the respondent and Barrett were not in an attorney-client relationship. *See People v. Susman,* 747 P.2d 667, 671 (Colo. 1987). Because the respondent did not appear and did not answer the complaint and refused to be interviewed by the investigator for the Disciplinary Counsel's Office, he also violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline). Finally, by virtue of the foregoing, the respondent violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P. 241.6 (grounds for lawyer discipline).

## II

The hearing panel accepted the recommendation of the hearing board that the respondent be disbarred. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), provide that, in the absence of aggravating or mitigating circumstances, disbarment is generally appropriate when "a lawyer engages in ... intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." *ABA Standards* 5.11(b). *See People v. Calt,* 817 P.2d 969 (Colo.1991) (attorney disbarred for counseling and assisting his client in conduct that the attorney knew to be illegal or fraudulent, for engaging in conduct involving dishonesty, and for illegal conduct involving moral turpitude);

*People v. Vernon,* 782 P.2d 745, 746 (Colo. 1989) (engaging in intentional conduct involving dishonesty, fraud, deceit, and misrepresentation warrants disbarment).

On April 7, 1975, we suspended the respondent indefinitely for his gross negligence in the handling of an estate, for borrowing a substantial portion of the assets of the estate from his client to alleviate his own precarious financial situation, and for not repaying the amounts owed until the matter was referred to another attorney for collection. *See People v. Kramer,* 188 Colo. 184, 534 P.2d 313 (1975). In the case now before us, the hearing board found that the following aggravating factors were present: (1) prior disciplinary offenses, *ABA Standards* 9.22(a); (2) a dishonest or selfish motive, *id.* at 9.22(b); (3) the presence of multiple offenses, *id.* at 9.22(d); (4) a refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); (5) substantial experience in the practice of law, *id.* at 9.22(i); and (6) an indifference to making restitution, *id.* at 9.22(j). The respondent did not appear or answer the complaint, and the hearing board found no mitigating circumstances. We therefore accept the recommendations of the hearing panel and order that the respondent be disbarred.

## III

It is hereby ordered that Leonard G. Kramer be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is ordered that Kramer pay restitution in the amount of $11,395 plus statutory interest from August 30, 1989, to John W. Barrett as a condition of readmission. It is further ordered that Kramer pay the costs of this proceeding in the amount of $444.80 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.