**532**

The PEOPLE of the State of
Colorado, Complainant,

v.

James Lowell ALLBRANDT,
Attorney–Respondent.

No. 96SA16.

Supreme Court of Colorado,
En Banc.

March 25, 1996.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance on Behalf of Attorney–Respondent.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board in this lawyer discipline proceeding that the respondent be disbarred. The respondent defaulted before the hearing board and has not appeared in this court. We accept the hearing panel's recommendation and order that the respondent be disbarred and be assessed the costs of the proceeding.

### I.

The respondent was admitted to the Colorado bar in 1976. Because he defaulted before the hearing board, the allegations of fact contained in the formal complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

Beginning in January 1990, the respondent established and operated an investment program in which he offered and sold securities. The program, known as the "Freedom After Market Trading Program," was operated out of the respondent's law office. In October 1990, the respondent established and operated a second investment program, similar to the first, and known as the "Discovery After Market Trading Program."

The purpose of both programs was the same. The respondent promised to pool funds he raised from investors and then to invest the funds in the securities of either Freedom Capital Corporation or Discovery Capital Corporation. The respondent told his investors that both corporations were significantly undervalued at the time.

When he sold securities to investors, the respondent would misrepresent that the investments were without risk, that they were secured by a security interest in the stock of either Freedom Capital Corporation or Discovery Capital Corporation, and that they

were personally guaranteed by the respondent. When an investor agreed to give the respondent money, the respondent would sign a promissory note payable to the investor. The respondent also falsely represented that he had sufficient personal assets to pay all liabilities to the investors.

No less than sixty-eight persons invested a total of at least $855,000 in one or both of the respondent's programs. The board found that $445,000 of that amount was diverted by the respondent to his own personal use. He falsely announced in February 1991 that the Securities and Exchange Commission had frozen his accounts and that the investment programs were therefore out of business. The respondent apparently left Colorado soon afterwards, taking the investment programs' books and records with him.

The hearing board concluded that the respondent engaged in misrepresentation, fraud, deceit, and conversion. His conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); as well as C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice, or morality is grounds for discipline); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States, namely, theft.)

## II.

The hearing panel approved the board's recommendation that the respondent be disbarred. The respondent has not excepted to the panel's action and has not appeared in this court. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) (ABA *Standards* ), in the absence of mitigating factors, disbarment is generally appropriate when

> a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft. . . .

ABA *Standards* 5.11(a). The knowing conversion of funds almost always warrants disbarment. *See, e.g., People v. Kramer,* 819 P.2d 77 (Colo.1991) (lawyer disbarred for obtaining loans by means of false and fictitious "investment plans"). Because the respondent did not appear or answer before the board, no evidence of mitigating circumstances was submitted. The respondent's total disregard of these proceedings reinforces the conclusion that disbarment is warranted and necessary in this case. *People v. Fritsche,* 897 P.2d 805, 807 (Colo.1995). Accordingly, we accept the hearing panel's recommendation.

## III.

It is hereby ordered that James Lowell Allbrandt be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is further ordered that, within thirty days after the announcement of this opinion, the respondent pay the costs of this proceeding, in the amount of $328.03, to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.