**The PEOPLE of the State of Colorado, Complainant,**

v.

**Frank Ellwood ROBBINS, Attorney–Respondent.**

No. 93SA205.

Supreme Court of Colorado,
En Banc.

Jan. 10, 1994.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Michael D. Gross, Colorado Springs, for attorney-respondent.

PER CURIAM.

The respondent [1] in this attorney disciplinary proceeding converted $25,000 of client funds. A hearing board recommended that the respondent be suspended from the prac-

1. The respondent was admitted to the bar of this court on September 29, 1978, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings.

tice of law for three years. A hearing panel of the Supreme Court Grievance Committee approved the board's findings of fact, but modified the recommendation to provide that the respondent be disbarred and be assessed costs. We accept the panel's recommendation.

I

The facts relating to the underlying misconduct are not in dispute. From March 1, 1991 to April 24, 1992, the respondent was a shareholder in Cleveland & Robbins, P.C., with authority to write checks on the firm's trust account. On December 24, 1991, the respondent wrote a check payable to himself for $2,600 on the law firm trust account. The respondent wrote the following additional checks on the law firm's trust account payable to himself: a check in the amount of $2,400 on January 15, 1992; $3,000 on January 24, 1992; $2,000 on January 31, 1992; $5,000 on February 28, 1992; $5,000 on March 24, 1992; and $5,000 on April 14, 1992. The funds in the trust account belonged to clients of the law firm and not to the respondent. The respondent converted this $25,000 to his own use without the knowledge or consent of the clients, or the law firm.

The testimony at the hearing was to the effect that all of the funds taken by the respondent were repaid during May and June 1992. The respondent did not begin repaying the funds, however, until after his misappropriation was discovered by the law firm's senior partner and after the respondent knew that a request for investigation would be filed with the grievance committee.

As the hearing board concluded, the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship).

C.R.C.P. 241.1(b). On July 8, 1992, we entered an order suspending the respondent from the practice of law while this proceeding was pending. C.R.C.P. 241.8

## II

Two members of the hearing board recommended that the respondent should be suspended for three years. The third board member concluded that the respondent should be disbarred. The hearing panel modified the board's majority recommendation from suspension to disbarment.

We have said that "[w]hen a lawyer knowingly converts client funds, disbarment is 'virtually automatic,' at least in the absence of significant factors in mitigation." *People v. Young*, 864 P.2d 563, 564 (Colo.1993). *See also People v. Robnett*, 859 P.2d 872, 878 (Colo.1993) (attorney disbarred for conversion of client funds and deception of client); *People v. Kearns*, 843 P.2d 1, 5 (Colo.1992); *People v. Finesilver*, 826 P.2d 1256, 1258 (Colo.1992) (conversion of trust funds and forging of court document warrants disbarment); *People v. Whitcomb*, 819 P.2d 493 (Colo.1991) (conversion of trust funds warrants disbarment); *People v. Kramer*, 819 P.2d 77 (Colo.1991) (lawyer disbarred for obtaining loans by means of false and fictitious "investment plans"); *People v. Mulligan*, 817 P.2d 1028 (Colo.1991) (attorney disbarred for conversion of client funds); *People v. Calt*, 817 P.2d 969 (Colo.1991) (assisting client in fraudulent scheme to obtain funds from the client's employer warrants disbarment of the lawyer); *People v. Grossenbach*, 814 P.2d 810 (Colo.1991) (conversion of client funds and knowing deception of clients warrants disbarment).

Moreover, in the absence of mitigating circumstances, the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) state that "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." ABA *Standards* 4.11.

The hearing board found the existence of a number of aggravating factors. The respondent was previously disciplined in 1989 by a letter of admonition for neglect in the handling of a legal matter. *Id.* at 9.22(a). The respondent's motives in misappropriating the trust funds were dishonest and selfish. *Id.* at 9.22(b). The respondent withdrew funds from the trust account on seven different occasions over a period of four months. *Id.* at 9.22(c), (d). Finally, at the time of the conversions, the respondent had substantial experience in the practice of law, having practiced law for almost twenty years, including thirteen years in Colorado. *Id.* at 9.22(i).

A majority of the hearing board members nevertheless concluded that a sanction less than disbarment was warranted because of the presence of certain mitigating factors. These mitigating factors included the respondent's personal and emotional problems resulting from his alcoholism and from financial pressures, as well as difficulties at home and with his children. *Id.* at 9.32(c). The board also determined that the respondent's mental capabilities were impaired by his alcoholism, ABA *Standards* 9.32(h) (1991), and that the respondent undertook a course of hospitalization and outpatient treatment for his alcoholism after he was suspended in July 1992, *id.* at 9.32(j).[2]

The hearing board further found that the respondent cooperated fully in the disciplinary process, ABA *Standards* 9.32(e); is well regarded in his community and has a good

---

**2.** During the period of time that the respondent was misappropriating client trust funds, and before the misconduct was uncovered, the ABA House of Delegates on February 4, 1992, adopted certain amendments to the ABA *Standards*. In particular, standard 9.32(h) was amended to pertain only to physical disability, and ABA *Standards* 9.32(i) was amended to state:

(i) mental disability or chemical dependency including alcoholism or drug abuse [may be considered as a mitigating factor] when:

(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

ABA *Standards* 9.32(i) (Supp.1992). In addition, former ABA *Standards* 9.32(j) (1991), relating to interim rehabilitation, was deleted by the 1992 amendments. The hearing board apparently did not consider the amended standards in their report.

reputation for reliability, honesty, and integrity, *id.* at 9.32(g); and has experienced remorse, *id.* at 9.32(*l*).[3]

We do not minimize the respondent's personal and emotional problems. It is apparent from the record before us, however, that the respondent's misconduct was primarily the result of financial pressures rather than the product of alcoholism. The respondent admitted as much in his testimony at the hearing. The respondent's misconduct was arrested by discovery, not by voluntary treatment. The respondent did not restore any of the missing trust funds until after he was detected, and he initially asked the senior partner not to report his misfeasance to the grievance committee. Moreover, the fact that the trust funds were taken with such silent treachery that the victims never learned that their funds had been misappropriated is not in our minds a mitigating factor.

The respondent cites *Kearns*, 843 P.2d 1, and *People v. Sachs*, 732 P.2d 633 (Colo. 1987), as two cases involving conversion in which disbarment was not automatic. We explicitly distinguished the attorney's conduct in *Kearns*, however, from "the intentional and knowing conversion and deception present in those cases in which disbarment is virtually automatic." *Kearns*, 843 P.2d at 5. The respondent's misappropriation in this case was undeniably intentional and knowing.

We suspended the attorney in *Sachs* for two years for misappropriation of client trust funds and other misconduct. Given the more recent conversion cases cited above in which we have applied the ABA *Standards*, we believe that the holding in *Sachs* should be confined to the specific facts of that case.

Weighing the factors in mitigation against the seriousness of the offense, we conclude as did the hearing panel that disbarment is necessary. We arrive at this conclusion not to punish the respondent but to protect the public and to guard in particular those clients that place their funds and property in trust with lawyers. We therefore accept the hearing panel's recommendation.

### III

It is hereby ordered that Frank Ellwood Robbins be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Robbins pay the costs of this proceeding in the amount of $633.75 within 60 days of the date of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

---

**3.** Restitution that is forced or compelled following discovery is not a mitigating factor. *People v. Margolin*, 820 P.2d 347, 350 (Colo.1991); ABA *Standards* 9.4(a). Moreover, the fact that the respondent replaced some of the misappropriated trust funds with funds from his pension and profit-sharing program, thereby subjecting him to additional taxes and penalties, is not in our view "the imposition of other penalties or sanctions," *id.* at 9.32(k), for purposes of mitigation.