**The PEOPLE of the State of Colorado, Complainant,**

v.

**John Philip McDONNELL, Jr., Attorney–Respondent.**

**No. 95SA171.**

Supreme Court of Colorado, En Banc.

June 19, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

James J. Morrato, Denver, for attorney-respondent.

**PER CURIAM.**

The respondent converted funds belonging to clients of his law firm. He was immediately suspended from the practice of law in 1994, pending resolution of these proceedings. C.R.C.P. 241.8. The parties entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended that the respondent be disbarred. An inquiry panel of the Supreme Court Grievance Committee approved the conditional admission and recommended that the respondent be disbarred, that the effective date of disbarment not be retroactive to the date of immediate suspension, and that the respondent be assessed the costs of the proceeding. We accept the conditional admission, and the recommendation of the inquiry panel.

I

The respondent was admitted to the Colorado bar in 1981. The assistant disciplinary counsel and he stipulated to the following facts:

a. Respondent represented [an insurance company]. On or about September 16, 1993, respondent's law firm received a settlement check in the amount of $13,-275.52, made payable to [the insurer] and respondent.

b. On September 23, 1993, the bookkeeper of respondent's firm, after depositing the settlement check into the firm's trust account and after deducting the attorney's fees due the firm, issued a check to [the insurer] in the amount of $8,850.35.

c. Respondent took that check and represented to his firm that he would deliver the check to the client. Instead of doing so, however, respondent forged the name of an agent of [the insurer] and deposited the check into his own bank account. Re-

spondent converted the funds to his own use for personal and family expenses.

. . . .

e. During the investigation conducted by the Office of Disciplinary Counsel, respondent admitted that he was unable to account for a small amount of other funds that came into his possession during March, April and May, 1993. The funds belonged to two of the respondent's clients. . . .

The respondent admitted that the foregoing conduct violated R.P.C. 1.15(a) (a lawyer shall hold property of clients or third persons that is in a lawyer's possession separate from the lawyer's own property); R.P.C. 1.15(b) (fail to promptly deliver to the client any funds the client is entitled to receive); R.P.C. 8.4(b) (commit a criminal act adversely reflecting on the lawyer's honesty, trustworthiness or fitness as a lawyer); R.P.C. 8.4(c) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation); C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

After the forgery of the check belonging to the insurance company was discovered, the respondent made full restitution. The respondent admitted to the Office of Disciplinary Counsel that he had also converted "small" amounts of funds belonging to two former insurance company clients. He is presently reconstructing the relevant accounts to determine the amount of funds he still owes as part of the disciplinary investigation and an inquiry by law enforcement authorities. In February 1995, the respondent pleaded guilty to felony theft and misdemeanor theft in Arapahoe County District Court.

## II

■ In the conditional admission, the parties recommend that the respondent be disbarred. "When a lawyer knowingly converts client funds, disbarment is 'virtually automatic,' at least in the absence of significant factors in mitigation." *People v. Young,* 864 P.2d 563, 564 (1993) (knowing conversion of clients' funds warrants disbarment even absent prior disciplinary history and despite cooperation and making restitution); *see also People v. Robbins,* 869 P.2d 517, 518 (1994) (conversion of client trust funds warrants disbarment even if funds are restored before clients learn they are missing but not before the conversion is discovered by the lawyer's law firm). The respondent has asked that the disbarment be made retroactive to the date of his immediate suspension, March 11, 1994. In approving the conditional admission, the inquiry panel recommended that the disbarment not be retroactive.

■ In mitigation, the parties stipulated that the respondent has no previous discipline, that he has cooperated during these proceedings, and that other penalties or sanctions have already been imposed on the respondent. *See* ABA *Standards for Imposing Lawyer Sanctions* 9.32(a), (e), & (k) (1991 & Supp.1992). The absence of any unreasonable delay in these proceedings, however, and the direct relation between the misconduct and the practice of law, make retroactive discipline inappropriate. *People v. Lujan,* 890 P.2d 109, 113 (Colo.1995); *People v. Murray,* 887 P.2d 1016, 1021 (Colo. 1994). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

## III

It is hereby ordered that John Philip McDonnell, Jr., be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.75 within thirty days after this opinion is issued to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.