**The PEOPLE of the State of Colorado, Complainant,**

v.

**Michael J. GUYERSON, Attorney–Respondent.**

**No. 94SA452.**

Supreme Court of Colorado,
En Banc.

June 30, 1995.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Theodore A. Borillo, Denver, for attorney-respondent.

PER CURIAM.

The respondent in these lawyer discipline proceedings converted a large amount of law firm and client funds by fraudulent billing practices. A hearing panel of the Supreme Court Grievance Committee accepted the findings and conclusions of a hearing board that the respondent had engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. The panel, however, modified the board's recommendation that the respondent be suspended for two years to a recommendation of disbarment. The respondent has excepted to the panel's action on the ground that disbarment is too severe a sanction given the circumstances in mitigation. We accept the panel's recommendation and order that the respondent be disbarred.

I

The respondent was admitted to practice law in Colorado in 1981. The assistant disciplinary counsel and the respondent entered into an unconditional stipulation of facts. After considering the stipulation and the other exhibits tendered by the parties, and after listening to testimony from the witnesses, including the respondent himself, the board found that the following facts were established by clear and convincing evidence.

The respondent became a partner in Rothgerber, Appel, Powers & Johnson, a Denver law firm in 1988. Beginning in late 1990, the respondent made falsified requests to the law firm for advances for travel and expenses that did not occur. The fraudulent requests were in the range of $200 to $500, with some for $1,000. The respondent also submitted requests for reimbursement of firm-related expenses that he had not actually paid. The respondent improperly billed the law firm, and received, $13,500. Moreover, four or five of the firm's clients were billed for these illegitimate expenses, and paid them to the firm.

On July 13, 1993 the law firm's chief operating officer met with the respondent and asked for receipts to substantiate certain items that the respondent had requested an advance for. The respondent stated that he had given some of the receipts to bookkeeping and that he would look for any other receipts he might have that evening. The next day, the respondent turned in several receipts that were either unrelated to the items reimbursement was sought for, or which contained alterations. When the man-

aging partner of the law firm confronted him, the respondent finally admitted he had submitted improper expense requests, and said that he had written off certain costs to protect clients.

After admitting his wrongdoing, the respondent fully assisted the law firm to correct and reconcile all the inaccurate accounts and records, and resigned from the firm. The law firm subsequently reimbursed the improperly billed clients, plus interest. At the same time, the respondent repaid the law firm for all amounts paid to the firm's clients, plus interest.

The respondent was charged with, and pleaded guilty to, felony theft, and received a one year unsupervised deferred judgment. Felony theft is a "serious crime" for lawyer discipline purposes. C.R.C.P. 241.16(e)(1). A "conviction" includes any ultimate finding of fact in a criminal proceeding that an individual is guilty of a crime, whether the entry of judgment is deferred or not. C.R.C.P. 241.16(h).

The board determined that the respondent "not only wrongfully converted firm property, but [his conduct] also resulted in conversion of client funds, regardless of his intention." The hearing board concluded that the foregoing conduct violated DR 1–102(A)(4) and R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## II

The hearing board recommended that the respondent be suspended from the practice of law for two years, primarily because of the presence of factors in mitigation. The hearing panel modified the board's recommendation to disbarment. "When a lawyer knowingly converts client funds, disbarment is 'virtually automatic,' at least in the absence of significant factors in mitigation." *People v. Young,* 864 P.2d 563, 564 (Colo.1993) (knowing conversion of clients' funds warrants disbarment even absent prior disciplinary history and despite cooperation and making restitution). *See also People v. Ogborn,* 887 P.2d 21, 23 (Colo.1994) (conversion of client funds warrants disbarment even in ab-

sence of prior discipline and presence of personal and emotional problems); *People v. Robbins,* 869 P.2d 517, 518 (1994) (conversion of client trust funds warrants disbarment even if funds are restored before clients learn they are missing but not before the conversion is discovered by the lawyer's law firm).

In the absence of mitigating circumstances, the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) state that "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." ABA *Standards* 4.11. The hearing board noted that the respondent attempted to shelter clients from his defalcations by writing off the fraudulent costs, or writing off other costs equal in amount to the improper billings. However, the board also found that the respondent, as a partner, and having worked in the law firm for several years, "was well aware of billing procedures and the almost inevitable probability that the costs would ultimately be billed to clients and that clients would pay for these fabricated costs."

Even if the respondent had been entirely successful in stealing only from his law firm and from his partners, we would not find it particularly significant for disciplinary purposes. The respondent did intend to steal from his partners. *Cf. Hooper v. Yoder,* 737 P.2d 852, 859 (Colo.1987) ("Partners in a business enterprise owe to one another the highest duty of loyalty; they stand in a relationship of trust and confidence to each other and are bound by standards of good conduct and square dealing."); *People v. Sachs,* 732 P.2d 633, 634 (Colo.1987) (although not acting as a lawyer for the partnership, the lawyer-respondent in a disciplinary proceeding owed a fiduciary duty to the investors as a partner).

The respondent asserts that the presence of certain mitigating factors justifies a sanction less than disbarment. The board did find the following factors in mitigation: the absence of a prior disciplinary history, ABA *Standards* at 9.32(a); the presence of substantial personal and emotional problems, *id.* at 9.32(c); cooperation with the hearing

board, *id.* at 9.32(e); the presence of remorse, *id.* at 9.32(*l*); and evidence of the respondent's good character and reputation, *id.* at 9.32(g).

The lawyer-respondent in *People v. Lujan*, 890 P.2d 109 (Colo.1995), also stole funds from her law firm. She was suspended rather than disbarred "because of certain extraordinary and tragic factors in mitigation, including the sudden emergence of a mental disorder that caused the misconduct." *Id.* at 110. In this case, the board determined that the most significant mitigating factor was that the respondent was "under tremendous stress, including financial pressure as the sole breadwinner of a family which grew in a fashion he did not anticipate, and a host of serious and costly medical problems. This stress was exacerbated by poor decision making in moving residences and unanticipated tax burdens."

We do not belittle the strain that the respondent was under at the time of the conversions, or the extremely personal nature of that pressure. Nevertheless, the manner and the extent of the respondent's intentional conversion of law firm funds requires that he be disbarred, even considering the factors in mitigation, which predominately relate to financial pressures. *Robbins*, 869 P.2d at 519. It is also significant that the respondent took no steps to remedy the misconduct until after it was discovered by his law firm. *Id.* Accordingly, we accept the hearing panel's recommendation.

## III

It is hereby ordered that Michael J. Guyerson be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is further ordered that the respondent pay the costs of this proceeding in the amount of $202.11 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.