The PEOPLE of the State of
Colorado, Complainant,

v.

Michael R. DICE, Attorney–Respondent.

No. 97SA374.

Supreme Court of Colorado,
En Banc.

Nov. 3, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Craig L. Truman, Denver, for Attorney–Respondent.

PER CURIAM.

The respondent and the deputy disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18, in which the respondent agreed to a disciplinary sanction of disbarment. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be disbarred. We accept the conditional admission and the inquiry panel's recommendation.

I.

The respondent was licensed to practice law in Colorado in 1975. He was immediately suspended on May 14, 1997, pending further order of this court. Because the respondent has consented to disbarment, we will only summarize the misconduct involved in the respondent's administration of various estate, trust, and conservatorship matters.

A. The Aitken Conservatorship

On May 16, 1980, the respondent was appointed conservator of the estate of James J. Aitken, a protected person, by the Denver probate court. In November 1993, the respondent knowingly misappropriated $1,500 of funds belonging to Aitken. Shortly thereafter, the respondent knowingly misappropriated an additional $3,500 of the protected person's funds.

On or about January 31, 1994, the respondent received a check for $25,000 from Aitken's investment account. He knowingly misappropriated this $25,000 and then engaged in further dishonesty by lying about his actions to his employees and associates and the Office of Disciplinary Counsel.

Between March 1993 and April 1994, the respondent misappropriated $24,250 of additional funds belonging to Aitken. In addition, the respondent violated the probate court's October 24, 1995 order regarding the purchase of certain artwork. The respondent did not purchase the art identified and used proceeds from the estate to acquire works of art for his own private use.

The respondent has admitted that the foregoing conduct violated Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); Colo. RPC 8.4(d) (engaging in conduct that is prejudicial to the administration of justice); and Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## B. The Shupe Estate

On March 31, 1989, the Denver probate court appointed the respondent to serve as the successor trustee of the Sarah Klausner Trust, created for the benefit of Dionne T. Shupe, Klausner's granddaughter. The respondent has stipulated that, at a minimum, he " 'recklessly' misappropriated" a total of $2,250 in client funds belonging to Shupe, which he applied to his own personal use. He thereby again violated Colo. RPC 8.4(c), 8.4(d), and 8.4(h).

## C. Misappropriations Through Credit Balances

In five separate probate estate, trust, and conservatorship matters in which the respondent was serving as a fiduciary, his billing statements demonstrate that he "took considerable sums of money from accounts ... prior to or without earning such funds." These funds were deposited into the respondent's law office operating account or his personal account. None were deposited into the trust accounts for which respondent was a fiduciary.

(1) From 1990 to 1995, the respondent at a minimum recklessly misappropriated $29,-202.99 belonging to the Aitken Estate.

(2) From 1990 to 1995, the respondent at a minimum recklessly misappropriated $45,-729.20 from the estate of Philomena Marie Saccomano.

(3) From 1990 to 1995, the respondent at a minimum recklessly misappropriated $4,726.24 of client funds belonging to the Shupe estate.

(4) On August 1, 1991, the respondent was appointed interim trustee in the Michael Morris Walters irrevocable trust. From 1991 through 1995 the respondent at a minimum recklessly misappropriated $35,370.59 in client funds belonging to the trust.

(5) The respondent was appointed as the personal representative of the estate of Verneta C. Memmen, deceased, on May 15, 1990, by the Douglas County district court. At a minimum, the respondent recklessly misappropriated $11,124.85 belonging to the estate.

The respondent has also stipulated that he failed to keep the appropriate parties informed about the status of these five matters.

The respondent's conduct, which occurred before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 1–102(A)(4) and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); DR 1–102(A)(5) and Colo. RPC 8.4(d) (engaging in conduct that is prejudicial to the administration of justice); DR 1–102(A)(6) and Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law); and Colo. RPC 1.4 (failing to keep a client reasonably informed about the status of a matter).

## D. Misappropriation Through Recapture Billing

In 1995 and 1996, the respondent sent billing statements in the Memmen, Shupe, Aitken, and Walters matters for services that had already been billed. The respondent's attempt to "recapture" these amounts was therefore both unjustified and improper. His conduct was, at a minimum, a reckless misappropriation of client funds and contrary to Colo. RPC 8.4(c), 8.4(d), and 8.4(h).

## II.

The respondent has agreed to disbarment in the conditional admission. The inquiry panel approved the conditional admission and recommended disbarment. Disbarment is appropriate in a case like this:

We have repeatedly held that a lawyer's knowing misappropriation of funds, whether belonging to a client or third party, warrants disbarment except in the presence of extraordinary factors of mitigation. See, e.g., *People v. Mundis*, 929 P.2d 1327, 1331 (Colo. 1996) (lawyer disbarred for knowing misappropriation of client funds, neglect of client matters, and practicing law under suspension); *People v. Motsenbocker*, 926 P.2d 576, 577 (Colo.1996) (lawyer disbarred for knowingly misappropriating bar association funds); see also ABA Standards 4.11 (in the absence of mitigat-

ing factors, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.").

*People v. Lavenhar*, 934 P.2d 1355, 1359 (Colo.1997). The fact that the respondent has not been previously disciplined does not call for a lesser sanction, see *People v. Margolin*, 820 P.2d 347, 350 (Colo.1991), and the record before us presents no factors in mitigation. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

### III.

It is hereby ordered that Michael R. Dice be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. The respondent is also ordered to pay the costs of this proceeding in the amount of $3,610.78 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion. In addition to the requirements set forth in our rules, as a condition of readmission, the respondent must prove that he has provided full and complete restitution, plus interest, to the satisfaction of the affected parties, their legal representatives, or by court order, of any and all amounts misappropriated.