**The PEOPLE of the State of Colorado, Complainant,**

v.

**Richard I. GONZALEZ, Attorney– Respondent.**

**No. 98SA346.**

Supreme Court of Colorado, En Banc.

Oct. 19, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Robert L. Shoop, Colorado Springs, for Attorney–Respondent.

PER CURIAM.

The stipulation, agreement, and conditional admission of misconduct between the respondent, Richard I. Gonzalez, and the complainant calls for the respondent to be disbarred. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee approved the conditional admission including disbarment, but recommends that we reject the respondent's request that the disbarment be made retroactive to the date of his immediate suspension. We accept the conditional admission and the inquiry panel's recommendation.

I.

Richard I. Gonzalez was admitted to the bar of this court on November 4, 1984. We immediately suspended him from the practice of law by order dated November 13, 1997, pending further order of the court. *See* C.R.C.P. 241.8. The formal complaint filed against Gonzalez contained six counts. The conditional admission provides as follows.

A. Count I

In 1995, Gonzalez and his co-counsel represented Elsa Falcon and her minor daughter, Nadia Falcon, in a personal injury action filed in El Paso County District Court, arising from an automobile accident in which the Falcons suffered significant injuries. The

case was settled in September 1995. Nadia was to receive $12,000 less the respondent's continent fee, or $8,000.

On September 15, 1995, Gonzalez received a check for $8,000 payable to Elsa Falcon "as next friend and mother for the estate of Nadia Falcon." Gonzalez initially deposited the check in his trust account pursuant to the terms of the settlement, but then he transferred all or a substantial portion of the funds to his operating account which he used to pay personal and business expenses. Gonzalez did not inform his clients that he had received or used their money for his own personal purposes, nor did his clients authorize him to do so. He has not returned any portion of the $8,000 to his clients. Gonzalez thereby knowingly misappropriated $8,000 in client funds for his own use, violating Colo. RPC 1.15(a) (failing to hold client property separate from the lawyer's own property); 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

## B. Count II

In October 1996, Gonzalez entered into a temporary support agreement by which he was to pay his former spouse $500 per month for maintenance. He was also required to pay her an additional $500 in payment of the balance due on a horse. He did not comply with either obligation. His former wife filed a motion to have him held in contempt in February 1997. Gonzalez admitted that he failed to act in accordance with the agreement and the district court entered findings of contempt. The court also ordered Gonzalez to pay the approximately $7,000 past due under the agreement on or before September 15, 1997, or spend six months in the county jail. When he failed to comply with this order, he was ordered to report to the jail to begin serving his sentence. A couple of days later, Gonzalez paid off the amount due and was released from serving the rest of the sentence.

Because he failed to comply with the court's orders and was found in contempt of court, Gonzalez violated Colo. RPC 3.4(c) (knowingly disobeying a court order), 8.4(d) (engaging in conduct that is prejudicial to the administration of justice), and Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## C. Count III

For part of 1996, Gonzalez failed to maintain a separate account for client funds. He took personal injury settlement payment checks from insurance companies in excess of $60,000 that belonged to several of his clients, which should have been deposited into a trust account, and deposited those checks into his law firm's operating account. Client funds were commingled with funds belonging to Gonzalez, and he misappropriated at least a portion of those funds that were the property of his clients. Gonzalez thereby violated Colo. RPC 1.15(a) (failing to hold client property separate from the lawyer's own property); 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) and 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## D. Count IV

Gonzalez represented Alvin Bitters in a personal injury matter involving a slip and fall in September 1994. Bitters received treatment for his injuries at the Heuser Chiropractic Office costing about $6,000. Gonzalez executed a chiropractic lien in favor of Heuser. However, Bitters's action became time-barred when Gonzalez did not file a complaint within the statute of limitations period. In February 1997, Gonzalez informed Heuser's office manager that "something went wrong with the case by no fault of the client, but by our own mistake." Gonzalez said he would pay Bitters's chiropractic bill himself, but he has not done so. Gonzalez has admitted that he thereby violated Colo. RPC 8.4(d) (engaging in conduct that is prejudicial to the administration of justice) and 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

### E. Counts V and VI

William Stacy hired Gonzalez in August 1995 to represent Stacy and CTH, Inc. in two cases pending in El Paso County District Court: *CTH, Inc. v. Downs* and *CTH, Inc. v. Jordan.* In *Downs,* Stacy's original lawyer withdrew and Gonzalez was to enter his appearance as new counsel. However, Gonzalez failed to enter his appearance or take any action until November 15, 1995; he missed a critical status conference; and he failed to file responses to the defendant's motions to show cause and to dismiss. Ultimately, the district court dismissed CTH's complaint and entered default judgment against both Stacy and CTH for actual and exemplary damages. Gonzalez therefore violated Colo. RPC 1.3 (neglecting a legal matter) and 8.4(d) (engaging in conduct that is prejudicial to the administration of justice). Because Stacy paid Gonzalez $1,500 for which he received no benefit, Gonzalez admits that his fee was unreasonable and thus contrary to Colo. RPC 1.5.

In the *Jordan* case, Gonzalez failed to appear on time for a hearing on various dispositive motions and a default judgment was entered against his client, although the judgment was subsequently set aside. He again violated Colo. RPC 1.3 (neglecting a legal matter) and 8.4(d) (engaging in conduct that is prejudicial to the administration of justice).

### II.

Gonzalez has consented to disbarment, but asks that the effective date be made retroactive to the date of his immediate suspension, November 13, 1997. The inquiry panel rejected the idea of retroactive discipline. As we have said many times,

> a lawyer's knowing misappropriation of funds, whether belonging to a client or third party, warrants disbarment except in the presence of extraordinary factors of mitigation. *See, e.g., People v. Mundis,* 929 P.2d 1327, 1331 (Colo.1996) (lawyer disbarred for knowing misappropriation of client funds, neglect of client matters, and practicing law under suspension); *People v. Motsenbocker,* 926 P.2d 576, 577 (Colo. 1996) (lawyer disbarred for knowingly misappropriating bar association funds); *see*

> *also* ABA *Standards [for Imposing Lawyer Sanctions ]* 4.11 [1991 & Supp.1992] (in the absence of mitigating factors, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.").

*People v. Lavenhar,* 934 P.2d 1355, 1359 (Colo.1997); *see also People v. Torpy,* 966 P.2d 1040, 1043 (Colo. 1998).

We agree that disbarment is appropriate in this case, as the respondent has conceded; however, we reject respondent's request for a retroactive effective date. We were presented with a similar request for retroactive discipline in *People v. McDonnell,* 897 P.2d 829 (Colo.1995). We concluded that "[t]he absence of any unreasonable delay in these proceedings ... and the direct relation between the misconduct and the practice of law, make retroactive discipline inappropriate." *Id.* at 830; *see also People v. Ebbert,* 925 P.2d 274, 280 (Colo.1996) ("The respondent in this case was immediately suspended only twelve months before the date of this opinion. Moreover, a great deal of the misconduct in this case was directly related to the practice of law. We therefore decline to impose retroactive discipline in this case.").

Like Ebbert, Gonzalez has been suspended for less than twelve months and much of his misconduct is directly related to the practice of law. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

### III.

Richard I. Gonzalez is hereby disbarred, effective immediately as of the date of this opinion. He is ordered to pay the costs of this proceeding in the amount of $55.61 within thirty days to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202-5435.