**The PEOPLE of the State of Colorado, Complainant**

v.

**Robert Thomas EDWARDS, Respondent.**

**No. 09PDJ098.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Aug. 18, 2010.

---

11. 938 P.2d 147 (Colo.1997).

12. *Id.* at 148–49.

13. *Id.* at 149.

14. *Id.* at 150.

15. *Id.*

16. *See People v. Waitkus,* 962 P.2d 977 (Colo. 1998).

## DECISION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. *ISSUE AND SANCTION*

Disbarment is typically appropriate when a lawyer knowingly converts or misappropriates client funds, in the absence of significant mitigating factors. Respondent knowingly failed to return an unearned retainer to a client for whom he had performed little or no work. In addition, Respondent misrepresented to his client that he had been called to military duty when in fact he had been suspended for professional misconduct. The Court must determine the appropriate sanction for Respondent.

Respondent has not participated in the disciplinary proceedings brought against him, and the Court is aware of just one factor that mitigates Respondent's conduct. After considering the nature of Respondent's misconduct and its consequences, the aggravating factors, and the scarcity of countervailing mitigating factors, the Court finds the appropriate sanction for Respondent's misconduct is disbarment.

### II. *PROCEDURAL HISTORY*

On November 16, 2009, the People filed a complaint alleging that Respondent violated several Rules of Professional Conduct. Respondent failed to answer the complaint, and the Court granted a motion for default on March 31, 2010. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[1]

---

1. *See People v. Richards*, 748 P.2d 341, 346 (Colo. 1987); C.R.C.P. 251.15(b).

## III. ESTABLISHED FACTS AND RULE VIOLATIONS

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint.[2] Respondent took and subscribed the Oath of Admission and gained admission to the Bar of the Colorado Supreme Court on May 18, 2005. He is registered upon the official records, Attorney Registration No. 36214, and is therefore subject to the jurisdiction of the Court pursuant to C.R.C.P. 251.1.

Respondent agreed to represent Jessica Foster ("Foster") in a domestic relations matter. On November 24, 2008, Respondent and Foster executed an attorney-client fee agreement. The agreement provided that Respondent would provide legal services for post-decree issues in a pending dissolution matter; that Foster would pay a $3,000.00 retainer; and that Respondent would bill at the rate of $175.00 per hour.

Foster paid the retainer to Respondent, who negotiated that check in late November 2008 and placed the funds into his trust account. However, Respondent performed little or no work on Foster's matter and did not enter his appearance in Foster's case.

Respondent was suspended from the practice of law for one month by an order dated December 30, 2008, and effective January 30, 2009. Respondent did not inform Foster of his suspension. Instead, in a letter dated January 9, 2009, Respondent wrote Foster a letter falsely claiming that he had been ordered to active duty in the United States Army. Respondent stated that his pending military service required him to withdraw from Foster's case. He promised to send Foster a final balance and to return the balance of her retainer.

On February 3, 2009, Foster responded to Respondent's letter, requesting that he return her file and her retainer immediately.

Respondent did not reply. By February 2009, Respondent's trust account was empty. As of the date of the sanctions hearing, Respondent had not returned Foster's file or any portion of her retainer.

Respondent violated several Rules of Professional Conduct in the course of representing Foster. As set forth in the first and second claims in the People's complaint, Respondent twice violated Colo. RPC 8.4(c), which prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. First, Respondent failed to return Foster's retainer despite performing no meaningful work on Foster's behalf, thereby converting or misappropriating client funds. Second, Respondent violated Colo. RPC 8.4(c) by making false statements to Foster regarding military service. As set forth in the third claim, Respondent violated Colo. RPC 1.15(b) by failing to return the funds to which Foster was entitled.[3] As set forth in the fourth claim, Respondent also violated Colo. RPC 1.16(d) by neglecting to return Foster's file or unearned retainer when his suspension took effect.

## IV. SANCTIONS

 The ABA Standards for Imposing Lawyer Sanctions ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct.[4] In selecting a sanction after a finding of lawyer misconduct, the Court must consider the duty violated; the lawyer's mental state; the actual or potential injury caused by the lawyer's misconduct; and the existence of aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

*Duty:* The complaint, as referenced by the order of default, establishes that Respondent

---

2. *See* the People's complaint for further detailed findings of fact.

3. The third claim of the People's complaint also alleges that Respondent violated C.R.C.P. 251.5(c), which provides that any act or omission which violates the attorney discipline rules or an order of discipline is grounds for discipline. The

underlying alleged violation is that of C.R.C.P. 251.28(b), which states that an attorney subject to a served suspension must return to the client any property and papers to which the client is entitled.

4. *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

violated a duty to his client by converting or misappropriating funds, making false statements to his client, and failing to return client funds.[5] Respondent also violated the duties he owed as a professional by failing to properly withdraw from representation.[6]

*Mental State:* With respect to Colo. RPC 8.4(c), the complaint explicitly establishes that Respondent's conversion or misappropriation of funds was knowing and that his false statements with respect to military service were, at a minimum, reckless. With respect to Respondent's failure to return Foster's funds and her file pursuant to Colo. RPC 1.15(b) and 1.16(d), the evidence establishes that Respondent acted knowingly.

*Injury:* Respondent's misconduct caused injury to his client. Foster testified at the sanctions hearing that, due to Respondent's failure to either handle her matter or return her retainer, she was forced to borrow substantial sums of money in order to hire another attorney to represent her. Before hiring another attorney, Foster attempted, with little success, to represent herself in court. Respondent's misconduct also delayed Foster's case.

### ABA *Standard* 3.0—Aggravating & Mitigating Factors

Aggravating circumstances include any considerations or factors that may justify an increase in the degree of discipline to be imposed.[7] Mitigating circumstances include any considerations or factors that may justify a reduction in the degree of discipline to be imposed.[8] In this case, Respondent has not participated in the disciplinary proceedings, and the Court is aware of just one mitigating circumstance. The Court considered evidence of the following aggravating and miti-

gating circumstances in deciding the appropriate sanction.

*Prior Disciplinary Offenses—9.22(a):* Respondent was suspended from the practice of law for thirty days in 2008, for violation of Colo. RPC 1.15(g) (failure to maintain adequate trust account records), Colo. RPC 3.4(c) (disobeying an obligation under the rules of a tribunal), and Colo. RPC 8.1(b) (failure to respond to a lawful demand for information).

*Multiple Offenses—9.22(d):* Respondent committed four distinct rule violations in the matter addressed here.

*Indifference to Making Restitution— 9.22(j):* Respondent has not returned Foster's money to her.

*Inexperience in the Practice of Law— 9.32(f):* Respondent was admitted to the bar in May 2005, less than four years before the misconduct in this case. Therefore, he was relatively inexperienced in the practice of law.[9] However, inexperience carries little to no weight as a factor to mitigate dishonest conduct by a lawyer.[10]

### Analysis Under ABA *Standards* and Colorado Case Law

As noted above, the order of default established that Respondent violated Colo. RPC 8.4(c), 1.15(b), and 1.16(d).

With respect to Respondent's conversion or misappropriation in violation of Colo. RPC 8.4(c), ABA *Standard* 4.11 provides that disbarment is generally appropriate when a lawyer knowingly converts client property and thereby causes injury or potential injury.[11] ABA *Standard* 4.11 also applies to Respondent's violation of Colo. RPC 1.15(b) for failure to return an unearned retainer. By con-

---

5. *See* ABA *Standard* 4.0.

6. *See* ABA *Standard* 7.0.

7. *See* ABA *Standard* 9.21.

8. *See* ABA *Standard* 9.31.

9. *See In re Cleland*, 2 P.3d 700, 705 (Colo.2000) (lawyer who engaged in professional misconduct approximately six years after obtaining his law license was deemed to be relatively inexperienced in the practice of law).

10. *See id.; In re Thompson*, 991 P.2d 820, 823 (Colo.1999).

11. Although Appendix 1 of the ABA *Standards* indicates that the standards applicable to violations of Colo. RPC 8.4(c) are *Standards* 4.6 and 5.1, the Court determines that ABA *Standard* 4.1 is more relevant to this type of violation of Colo. RPC 8.4(c), because that standard specifically addresses conversion.

trast, suspension is the presumptive sanction for Respondent's misrepresentation in violation of Colo. RPC 8.4(c), according to ABA *Standard* 4.62. The disbarment standard, ABA *Standard* 4.61, does not apply to Respondent's misrepresentation because the People have not alleged that Respondent intended to benefit himself or another through this misconduct. Finally, in regard to Respondent's violation of Colo. RPC 1.16(d), ABA *Standard* 7.2 provides that suspension is usually appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes the client injury or potential injury.

The ABA *Standards* further provide that, in cases involving multiple charges of misconduct, "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations; it might well be and generally should be greater than the sanction for the most serious misconduct." [12]

The Colorado Supreme Court has held that, except in cases of significant mitigation, disbarment is the appropriate sanction for knowing misappropriation of client funds in violation of Colo. RPC 8.4(c).[13] The Colorado Supreme Court has applied this rule quite strictly, stating that "in the absence of significant factors in mitigation disbarment is virtually automatic when a lawyer knowingly converts client funds." [14]

This Court notes that the rule of presumptive disbarment for knowing conversion was developed in the context of cases involving extremely serious misconduct.[15] The Court recognizes that a number of those cases involved more egregious misconduct than that presented here. For example, in *People v. Dice*, which the People cite in their sanctions hearing brief, the lawyer stipulated to disbarment after knowingly misappropriating over $50,000.00 in funds belonging to an estate he was representing and then lying about those actions.[16] The lawyer also violated a probate court order by using estate proceeds to purchase artwork for his own benefit, recklessly misappropriated client funds in multiple other cases, and failed to keep parties informed about the status of several matters.[17] In addition, in some cases in which lawyers have been disbarred for having failed to return unearned fees or client funds (as opposed to having affirmatively withdrawn client funds or engaged in fraudulent practices), those lawyers abandoned their clients.[18]

Here, the facts established by default do not demonstrate that Respondent abandoned his client. Further, his misconduct was limited to actions affecting just one client, and that misconduct was not characterized by a pattern of repeated wrongdoing. For these reasons, the Court is concerned that disbarment is a disproportionately severe sanction in comparison to similar cases of attorney

---

12. *See* ABA *Standards* § II at 7.

13. *In re Haines*, 177 P.3d 1239, 1250 (Colo. 2008).

14. *People v. Lefly*, 902 P.2d 361, 364 (Colo.1995); *see also People v. Varallo*, 913 P.2d 1, 10–11 (Colo.1996) (the presumed sanction for knowing conversion of client funds is disbarment, regardless of whether the lawyer intended to permanently deprive the client of those funds).

15. *See, e.g., People v. Guyerson*, 898 P.2d 1062, 1062–63 (Colo.1995) (lawyer converted client and firm funds by engaging in fraudulent billing practices on numerous occasions and pled guilty to felony theft); *People v. Robbins*, 869 P.2d 517, 517 (Colo.1994) (lawyer converted $25,000.00 of client funds by withdrawing funds from trust account on seven separate occasions); *People v. Young*, 864 P.2d 563, 563–64 (Colo.1993) (lawyer used funds belonging to four separate clients to cover firm expenses or to cover a discrepancy in

an unrelated account); *People v. Finesilver*, 826 P.2d 1256, 1256–57 (Colo.1992) (lawyer converted at least $150,000.00 in funds from one trust, converted $50,000.00 in funds from a second trust, misappropriated funds from other clients, and forged a court document).

16. 947 P.2d 339, 339 (Colo.1997).

17. *Id.* at 339–40.

18. *See, e.g., In re Stevenson*, 979 P.2d 1043–44 (Colo.1999) (disbarment was appropriate sanction for lawyer who did not forward client funds or files after the client attempted to discharge the lawyer; the lawyer had both abandoned the client and misappropriated her funds); *People v. Roybal*, 949 P.2d 993, 996–98 (Colo.1997) (disbarment was appropriate sanction for lawyer who failed to return unearned fees for two clients, abandoned one of those clients, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation).

misconduct. Yet given the determination that Respondent knowingly converted or misappropriated client funds and in light of the minimal mitigating factors applicable here, the Court finds that it lacks the discretion to impose a lesser penalty.

For instance, in *In re Thompson*, the Colorado Supreme Court overruled a prior case in which a lawyer who misappropriated funds was suspended for a year and a day.[19] The *Thompson* court held that an earlier decision, *People v. Bronstein*,[20] was "an unjustified departure from our cases that prescribe disbarment for knowing misappropriation of funds. *Bronstein* is therefore overruled to the extent that it suggests that disbarment is not the presumed sanction when a lawyer knowingly misappropriates funds."[21]

The Colorado Supreme Court also emphasized in *In re Cleland* that there is a "bright-line" rule that "disbarment is the presumed sanction when knowing misappropriation is shown...."[22] In that matter, the hearing board had cited case law that, in its view, discredited a mechanical interpretation of the presumption of disbarment.[23] The Colorado Supreme Court rejected the hearing board's attempt to distinguish the cases it had cited.[24] The *Cleland* decision concludes that the Colorado Supreme Court had consistently applied the bright-line presumption of disbarment, and that the rule serves to "eliminate the disparate treatment of lawyers who have committed serious misconduct, when the unequal treatment may otherwise be based on invidious and irrelevant factors."[25]

The Court does not mean to overstate the presumption of disbarment. The Colorado Supreme Court has cautioned against applying that presumption without adequate consideration of the context. In *In re Fischer*, the Colorado Supreme Court determined that the hearing board had "overemphasized the notion of a 'presumption of disbarment,' ... and undervalued the importance of other factors in determining the needs of the public."[26] The decision further states that "[e]ven 'knowing conversions' of funds entrusted to attorneys do not always present the same need for sanctions."[27] But *Fischer* does not suggest that the Court should alter the sanction here, because *Fischer* used evidence of extensive mitigation as the justification for departing from the presumptive sanction of disbarment.[28] The numerous mitigating factors in that case included evidence of the lawyer's recognition of his ethical violations, his acceptance of responsibility, his cooperative attitude, his excellent reputation, his pro bono service, the opinion of others that he was not a risk to the public, and the absence of prior discipline.[29] Here, by contrast, the sole mitigating factor is Respondent's relative inexperience in the practice of law, and that factor is accorded little, if any, weight with respect to dishonest behavior.[30]

Accordingly, the Court determines that the appropriate sanction for Respondent's misconduct is disbarment.

## V. CONCLUSION

Respondent's actions in this case are serious instances of misconduct that demonstrate a lack of concern for his client's welfare. Respondent's dishonesty, his failure to make restitution, and his failure to participate in the disciplinary process are particularly troubling to the Court. In light of Respondent's misconduct and the need to protect the public from future instances of such behavior, the Court concludes Respondent should be disbarred.

19. 991 P.2d 820, 823 (Colo.1999).

20. 964 P.2d 514 (Colo.1998).

21. 991 P.2d at 823 (citation omitted).

22. 2 P.3d 700, 703–04 (Colo.2000).

23. *Id.*

24. *Id.* at 704.

25. *Id.* at 704, 704 n. 6.

26. 89 P.3d 817, 822 (Colo.2004).

27. *Id.*

28. *Id.* at 820–22.

29. *Id.*

30. *See Cleland*, 2 P.3d at 705; *Thompson*, 991 P.2d at 823.

## VI. *ORDER*

The Court therefore **ORDERS:**

1. Robert Thomas Edwards, Attorney Registration No. 36214, is hereby **DISBARRED.** The disbarment **SHALL** become effective thirty-one days from the date of this order upon the issuance of an "Order and Notice of Disbarment" by the PDJ and in the absence of a stay pending appeal pursuant to C.R.C.P. 251.27(h).

2. Respondent **SHALL** file any post-hearing motion or application for stay pending appeal with the PDJ **on or before Tuesday, September 7, 2010.** No extensions of time will be granted.

3. Respondent **SHALL** reimburse the Colorado Attorney's Fund for Client Protection in the amount of $3,000.00 within thirty-one (31) days of the date of this order.

4. Respondent **SHALL** pay the costs of these proceedings. The People shall submit a "Statement of Costs" within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.